## MACKEY v. HODGSON.

A foreign attachment suspends the interest on so much of the debt attached, as will be required to satisfy the plaintiff's demand, whether the defendant be the real owner of the debt or not—if a debt is wrongfully attached, the owner has his remedy over against the plaintiff in the attachment.

Under the act of 1836, garnishees in foreign attachment are not entitled to any allowance for their trouble.

IN error from the Common Pleas of Chester.

*Jan.* 4.—This was an action of debt on a bond of Hodgson, the defendant, to the plaintiff. The defendant showed a foreign attachment at the suit of Sherer against one David Mackey, in which the sheriff was commanded to attach all moneys due on obligations in the name of Mary Mackey, the present plaintiff. The debt claimed in that action was $1,000, and the process was served. This attachment was finally settled by the defendant there, and the questions below were: first, whether the present defendant was liable for interest on so much of his debt as was necessary to satisfy the attachment during the pendency of those proceedings; and, second, whether he was entitled to retain an allowance for his trouble as garnishee.

On the trial below, the defendant gave evidence to show that David Mackey, the defendant in the attachment, was the real owner of the bond. This consisted in part of his own declarations, and was objected to by plaintiff, and assigned for error.

The court instructed the jury there must be evidence sufficient to raise a well founded doubt whether David or Mary Mackey was the owner of the money due on the bond, to suspend the interest, and if so, defendant was entitled to a liberal allowance for his attendance as garnishee.

*Darlington* and *Lewis*, for the plaintiff in error, argued: first, that the evidence was inadmissible; second, that the act of 1836 has omitted the provision of the former act, which made an allowance to garnishees, which was therefore repealed. Nothing is allowed by the custom of London, nor under our domestic attachment or attachment execution process, nor was there any evidence of expenses on the part of the garnishee.

*Hemphill*, contrà.—Whether the fund belonged to David Mackey was immaterial, the garnishee must retain it, and the sheriff or plaintiff in the attachment answers the damage done the real owner: 1 Y. 280. By the act of 1705, the garnishee was allowed a compensation for his trouble and expenses, and it may be said to be the common law of the state in such cases.

*Jan.* 16. ROGERS, J.—It is a general rule that a garnishee in a foreign attachment is not liable for interest pending the attachment. The exceptions to the rule are fraud or collusion of the

garnishee, or any unreasonable delay caused by his conduct. And the general rule prevails, whatever may be the event, as it is impossible for him to predict the issue of the attachment suit. Let a foreign attachment be determined which way it may, the garnishee is excused from paying interest in the mean time: Serg. on Att. 115, 169; Fitzgerald v. Caldwell, 2 Dall. 215; 1 Y. 280. He is brought into court by compulsion, and should not suffer for doing what the law enjoins. If the defendant in the attachment has any remedy, it is against the plaintiff in the foreign attachment; for the debtor is not bound to pay at the peril of being again compelled to discharge the same debt. The application of these well settled principles renders unnecessary nearly all the evidence introduced on the trial, which was worse than useless, as it served to perplex the jury by directing their attention to an immaterial issue. Of what consequence was it whether Mary or David Mackey was the owner of the debt? It was enough for the defendant that he was prevented from paying the debt by the pendency of the attachment, and that he acted in good faith. That he had any agency in procuring the attachment is not pretended, nor is it alleged he acted in bad faith. As this case goes down for another trial, it may be useful to observe that we fully concur in the decision of the case of Sickman v. Lapsley, 13 S. & R. 224, that where a foreign attachment is laid for a smaller sum than is in the hands of the garnishee, he is not justified in withholding from his creditor more than sufficient to cover the debt claimed in the foreign attachment. Here, the writ commands the sheriff to attach David Mackey to answer M. Sherer of a plea, that he render unto her $1,000, which unto her he owes. That was the limit of his demand; there was therefore nothing to prevent him from paying the residue of the debt, and, consequently, on that amount he is justly chargeable with interest.

But the court instructed the jury that he was not only exempt from the payment of interest, but that the defendant was entitled to a reasonable allowance for his lost time and expenses in attending to the attachment suit. And this direction was right under the act of 1705, § 2, which enacts that he should be allowed out of the goods attached reasonable satisfaction for his attendance. But this provision we think is altered by § 45 of the act of 16th June, 1836, relating to the commencement of actions. It is difficult to resist the conviction that the latter act was intended to supersede, in this particular, the 2d section of the former act. The two sections are substantially the same, with the exception of the clause allowing

expenses for attending to the attachment. That it was designedly done, does not admit of question. And for what purpose, except repeal, we cannot imagine. It is perhaps useless to speculate as to the reason of this remarkable omission, and yet it is not difficult to assign one. The legislature may have supposed it was impolitic to throw an additional temptation in the way of the debtor, inducing him to collude with the plaintiff in the attachment, thereby affording him a pretence for non-payment of his debt, or retaining other effects in his hands.

Judgment reversed, and a *venire de novo* awarded.