# Irwin *versus* The Pittsburgh and Connellsville Railroad Company.

### Liability of Garnishee as to Interest and Costs.

1. A garnishee in an execution attachment is not liable for interest on the money in his hands due the defendant therein, while the action is pending: and in all attachment cases a garnishee without fault recovers costs.

2. The party injured by the loss of interest has his remedy against the wrongful litigant: and if he appears and interpleads may recover such interest in the same suit in which the right to the principal sum is decided.

3. In an execution attachment, the defendant having admitted the debt and suggested an assignment of it, the assignees were summoned, who asserted their claim against the attachment. *Held*, That the case was in fact an interpleader, the issue of which the defendant was bound to await before paying the money: and that he was not in fault in not paying the fund into court, where he had been ruled to do so by the assignees.

[Irwin *v.* P. & C. Railroad Co.]

ERROR to the District Court of *Allegheny county.*

The points in this case arose under a rule, granted on motion of the defendant in a judgment in the court below, to show cause why an execution in the hands of the sheriff against him should not be restricted to the collection of the judgment and interest up to the date of an attachment execution which had been served upon him.

The case was this:—On the 12th day of October 1858, the Pittsburgh & Connellsville Railroad Company obtained a judgment in the District Court of Alleheny county, against Thomas Irwin for the sum of $2343; and on the 4th day of December 1858, William Bakewell and R. Biddle Roberts, Esqrs., served on him a written notice that the said judgment had been assigned to them, of record, on the 20th day of October 1858. On the 19th of October 1858, Thompson Bell obtained a judgment in the District Court of Allegheny county, against the Pittsburgh and Connellsville Railroad Company, for the sum of $5131 48; and on the 25th of October 1858, issued an execution attachment on his judgment, with clause of *sci. fa.* to Thomas Irwin, attaching the said judgment of the Pittsburgh and Connellsville Railroad Company. The attachment was served on Irwin on the 26th of October 1853. On the 11th of March 1860 Bell filed interrogatories addressed to the garnishees, and obtained a rule to answer on ten days' notice. Mr. Irwin filed his answer, stating the fact that the Pittsburgh and Connellsville Railroad Company obtained a judgment against him in the District Court of Allegheny county, for the sum of $2343; and that he received notice from William Bakewell and R. Biddle Roberts, Esqrs., trustees, &c., that the same was assigned to them. Bell, the plaintiff in the execution attachment, claimed that the said assignment was void as to the creditors of defendant, and ruled to garnishees to plead, and have the cause put upon the trial list; after which it was continued from time to time, until the 25th of June 1862. The garnishee, Irwin, claimed that he was not bound to pay interest on said judgment, from and after service of the attachment, and during its pendency as aforesaid. To settle this question, he made application to the court below, and obtained a rule on the company to show cause why the execution then in the sheriff's hands should not be restricted to the collection of the judgment and interest thereon, to the date of the service of the attachment. The court below discharged this rule, holding that the plaintiff in error was liable for interest from the date of the judgment to the date of its payment, notwithstanding the pendency of the attachment, and the proceedings therein, as aforesaid.

The case was then removed into this court by Irwin, for whom the following errors were assigned.

[Irwin *v.* P. & C. Railroad Co.]

1st. The court below erred in refusing to make absolute the rule to show cause why the execution on said judgment should not be restricted to the collection of interest from the date of said judgment, October 6th 1858, to the date of the service of the execution attachment, October 26th 1858.

2d. The court below erred in deciding that a garnishee in an execution attachment is liable for interest on the moneys in his hands due the defendant therein during the pendency of the same.

*Kirkpatrick* and *Mellon* for plaintiff in error.

*James H. Sewell* for defendant in error.

The opinion of the court was delivered, November 13th 1862, by

LOWRIE, C. J.—If there is error here, it ought to be corrected, and we raise no question about the form of the remedy, since the parties do not.

When two or more persons dispute about property or money in the hands of another, who has no interest in the dispute, he ought not to suffer in costs or damages for their litigation, or for the delay of payment or delivery which it occasions, and these ought to be borne by him who wrongfully causes the litigation.

This rule of law is very obviously just, and is enforced wherever the forms of the proceeding are provided for such a case, or are deemed plastic enough to admit it. It appears abundantly in the common law interpleader case to be found in 9 Vin. Ab. 437, *Interpleader* (S. 2), a condensed summary of which may be found in 1 Casey 301. And it would of course, include interest in proper cases. It appears also in our execution attachment law of 16th June 1836, ss. 32, 34, providing that bail for damages shall be given before attaching stock not standing in the name of the defendant, or before another than the defendant shall be allowed to intervene and claim as his own, stock that does stand in the defendant's name.

And so far as relates to costs, it appears in all our attachment cases, that a garnishee without fault recovers them, as a stakeholder does in interpleaders in equity; 6 Ves. Jr. 418; 9 Id. 107; 19 Id. 205; 5 Simons 19; 6 Johns. C. R. 445; 2 Paige 209; 1 Hopkins 224, 272; 1 Cowan 610, and in interpleaders under the British interpleader statute of 1 & 2 Wm. 4, c. 58; 3 M. & Scott 174, 180; 7 Scott 281. We have always held that the garnishee is not liable to interest pending the litigation; 9 Barr 470. That damages are not usually given in equity interpleader cases, arises from the fact, that they usually stop by giving the stakeholder his costs, and sending the other parties to try their rights at law.

As well might one be charged damages for a wrongful detention of goods that have been attached in his hands, as be charged with interest on money so attached and detained. The party injured usually has his remedy against the sheriff and plaintiff in such cases. And it seems to us clear, that in such a case as this, he would have his remedy for his loss of interest against the wrongful litigant; and we do not see any good reason why, if he appears and interpleads, he may not recover it in the case in which the right to the principal is decided. He cannot claim it against the innocent stakeholder.

In this case the debt was due on a judgment in favor of the railroad company, assigned on the record to Bakewell and Roberts, and these assignees, as well as the defendant, were summoned as garnishees. The defendant admitted the debt and suggested the assignment, and the assignees asserted their claim in defence of the defendant against the execution attachment. The case therefore became in fact, though not in form, a case of interpleader, and the defendant was bound to await its issue, before he could pay over the money. And he was in no fault in not paying the money into court, since the assignees, also parties to the suit, did not rule him to do so. His answer is not put upon our paper books, but we presume that, in admitting the debt, he admitted his readiness to pay it.

Execution set aside as to all interest accruing pending the execution attachment of Bell *v.* P. & C. R. R. Co., No 707, Nov. Term 1858, in the District Court, and record remitted at the costs of the plaintiffs below.