## Rushton *versus* Rowe.

64      63
19 SC ¹238
19 SC ²383

1. Rushton gave a mortgage to George. Rowe issued a foreign attachment against George, and on scire facias recovered judgment against Rushton as garnishee. *Held*, that Rowe could maintain a scire facias on the mortgage in the name of George to Rowe's use.

2. The attachment was a seizure of the mortgage as belonging to George, and the law regarded it as an assignment to Rowe.

3. The mortgage was to Lyman and John George, trading as "L. A. George & Co.;" the attachment was against Lyman George and William George, trading as L. A. George & Co." *Held*, that the misnomer of one of the partners was unimportant, the name of the *firm* being accurate.

4. Interest, *after* the service of the attachment, could under the circumstances, be recovered against the mortgagor.

5. The rule that interest ceases from the service of the attachment, does not apply where the delay is produced by the litigiousness or unreasonable conduct of the garnishee.

6. When the garnishee has been ready and willing to pay debt and interest he is within the rule.

7. A sure way for the garnishee to avoid liability for interest would be to pay the money into court.

January 6th 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 94, to July Term 1869.

This was a scire facias sur mortgage, issued January 19th 1866, at the suit of Lyman A. George and John C. George, trading as L. A. George & Co., to the use of Edward Rowe, trading, &c., against Josiah Meredith, James Rushton and Margaret Rushton.

On the 15th of July 1857, James Rushton and Margaret his wife, in consideration of one dollar and "divers other causes and considerations," conveyed to Josiah Meredith a tract of land in Philadelphia, in trust for the sole and separate use of the said Margaret Rushton for her life, and not to be liable for the debts of her present or any future husband; and after her death to such persons as she shall appoint by will and for want of a will to her children living at her death, &c., with proviso that the trustee may, with the consent of Mrs. Rushton, sell or mortgage the premises, &c.

[Rushton *v.* Rowe.]

On the 23d of October 1857, Meredith, the trustee, and Rushton and his wife, executed a mortgage of the premises to Lyman A. George and John C. George, trading as L. A. George & Co., to secure the payment of $1124.43. On the 18th of January 1858, Edward Rowe issued a foreign attachment in case against "Lyman A. George and William George, trading as L. A. George & Co."; to this writ the sheriff returned, "attached as commanded and summoned James and Margaret Rushton as garnishees." On the 9th of November 1858, judgment was entered against the defendants in the attachment for $1271.56. L. A. George and J. C. George, who resided in Massachusetts, took the benefit of the insolvent laws of that state, and Charles Stoddard and Charles C. Burr were appointed their assignees in insolvency; on the 2d of February 1858, the Georges, in pursuance of the order of the insolvent court, executed an assignment to them of all their joint and separate estate, &c. On the 8th of October the Georges executed to Stoddard and Burr, as assignees in insolvency, a specific assignment of the mortgage, in which assignment the foregoing proceedings in insolvency were recited.

On the 9th of November 1858, a scire facias, at the suit of Rowe, on his judgment in foreign attachment, was issued against "James Rushton and Margaret Rushton, garnishees of Lyman A. George and William George." On the 30th of September 1865, rules were taken by the plaintiff in the foreign attachment and in the scire facias, to amend the record by substituting the name "John C. George" for "William George;" these rules were discharged October 7th 1865, and on the 13th there was a verdict for Rowe, and "that there is in the hands of the garnishees $1664.05." The verdict was afterwards set aside as to Margaret Rushton, and judgment entered on it January 17th 1866, against James Rushton. Rowe, claiming that the judgment against the garnishees passed to him an equitable title to the mortgage, commenced these proceedings.

The foregoing facts appeared on the trial, May 15th 1867, before Hare, P. J., who charged the jury that if they believed the evidence, no sufficient defence was made out, and the plaintiff was entitled to recover the principal sum secured by said mortgage, with interest.

The verdict was for the plaintiff for $1790.40.

Rushton took a writ of error, and assigned the instruction of the court for error.

*T. B. Greenbank.*—The title of the Georges in the mortgage was divested by the assignment to Stoddard and Burr, and the suit cannot be maintained in the name of the mortgagees: Pryor *v.* Wood, 7 Casey 142; Partridge *v.* Partridge, 2 Wright 78. The attachment being of the moneys of William George, there

[Rushton v. Rowe.]

cannot be execution against John C. George: Horbach v. Knox, 6 Barr 377. The attachment should have been laid on the premises mortgaged: Act of May 8th 1855, § 3, Pamph. L. 532, Purd. 493, pl. 10. Interest should not have been allowed: Mackey v. Hodgson, 9 Barr 469.

C. Guillou, for defendant in error.—A party attaching a claim is thereby entitled to all the securities for its payment: Mehaffey v. Share, 2 Penna. R. 361; Farmers' Bank v. Fordyce, 1 Barr 454; Roberts v. Halstead, 9 Id. 34; Kramer and Rahm's Appeal, 1 Wright 71. And this is the case even if the particular security were specially excepted: Foster v. Fox, 4 W. & S. 92. The transfer of a mortgage need not necessarily be in writing: Craft v. Webster, 4 Rawle 255; Donley v. Hays, 17 S. & R. 402; Partridge v. Partridge, 2 Wright 80. As to interest: the garnishee must be without fault: Irwin v. Railroad, 7 Wright 488.

During the argument Sharswood, J., referred to Hoover v. Samaritan Soc., 4 Whart. 445.

The opinion of the court was delivered, January 13th 1870, by

THOMPSON, C. J.—The result of the issue between Rowe and Rushton et al., settled, so far as our inquiry can go in this case, that there was in the hands of the latter, due to L. A. George & Co., the sum of $1664.05, as of the date of the verdict on the scire facias against the garnishee Rushton. That case is not before us now, and we cannot regard any argument predicated of the idea that the debt due by Rushton, secured by mortgage, had passed prior to the verdict by assignment to anybody else. The time for the consideration of any question of that kind was on the trial, or on a review of the trial of that case. It is entirely out of the case in hand. As the Act of the 13th of June 1836 makes it the duty of the jury trying the issue between the attaching creditor and garnishee, to find what goods or effects, if any, were in the hands of the latter at the time of the service of the attachment, and the value thereof, we are to presume that this was done in proper form, showing that the mortgage of the garnishees was attached and unpaid, and was of the value of the sum found, viz., $1664.05. This was a seizure of the security as belonging to L. A. George & Co. To make that available to the creditor it must be sued upon, and the law regards the attachment of it as an assignment to the attaching creditor. This was not controverted by the counsel for plaintiff in error. But it is alleged that a misnomer of a member of the firm of L. A. George & Co., in the title of the firm in the scire facias against the garnishees, destroys the identity of the firm in that case with the firm described in the mortgage, and therefore the plaintiffs here are not the assignees of the mortgage by operation of law, and not entitled to sue. We

14 P. F. SMITH—5

[*Rushton v.* Rowe.]

see no such consequences as that legitimately flowing from this
error in the baptismal name of a member of the firm. The mort-
gage was to the firm of L. A. George & Co., and that was the firm
which the judgment of the court settled was indebted to the plain-
tiff in the attachment, and that is the firm, in the absence of tes-
timony to the contrary, to which the mortgage in suit was given
to secure the debt, attached. The identity is to be presumed from
the identity of name. We need not dwell on this. The jury in
finding money in Rushton's hands alone, secured by mortgage,
must have regarded the property mortgaged as his, as the debt
secured was his. But about whose property it was, we are not
called upon at this time to determine anything. Rushton is debtor
to L. A. George & Co., and if the property pledged for its payment
is not legally bound for it, that will be a question to be determined
between the purchaser, whoever he may be, of the mortgaged
premises, under the judgment on the mortgage, and its claimant.
If Rushton conveyed the property to his wife, being a debtor at
the time, or intending to engage in business which was hazardous,
and required the creation of debts, it is not very likely that there
will be much trouble in the case of the wife's title. Still less, if
he did it to delay, hinder or defraud creditors. But all this is
left to be decided when a controversy arises about it, if ever. The
last matter to be noticed is, whether the mortgage bore interest
after the service of the attachment. It is true, there are cases in
our books, such as Mackey *v.* Hodgson, 9 Barr 468, and Irwin
*v.* The Railroad Co., 7 Wright 488, which decide, that a garnishee
is not bound to pay interest during the litigation about the liability
of the property or money in his hands, to answer the debt of the
defendant. In both these cases the controversy was in the nature
of an interpleader, although not so in form; and in the latter it
was made a consideration also, that the garnishee had been ready
and willing to pay the debt in his hands, to the party rightfully
entitled. Both cases deny the rule where the delay has resulted
from the litigiousness of the garnishee. If he has made difficulties,
and produced delays himself, which are unreasonable, the rule
does not apply.

In charging as the learned judge did, that if the jury believed
the evidence, no sufficient defence was made out, and the plaintiff
was entitled to recover the principal sum secured by the mortgage
with interest, we must presume that he did it in view of the whole
testimony, and that the delay was owing to the defendant Rushton,
and not occasioned at all by adverse contestants for the money.
This appears in the case, and was uncontradicted, and the judge
committed no error in assuming the facts to be so, and in charging
that interest was to be paid, according to the express contract in
the mortgage, and was recoverable up to the time of trial. If it
had appeared anywhere that the defendant stood ready to pay the

[Rushton *v.* Rowe.]

debt and interest, he would have brought himself within the rule; in fact, if the alleged assignee had appeared and engaged in the controversy as a claimant, it might have made a difference, but even then, we think a willingness to pay and not litigate, should have appeared, in order to relieve from liability for interest. We will not say that the defendant was bound, in order to relieve himself from interest, to ask leave to pay the money into court to abide the contest; less might suffice, but this would, in all such cases, be a sure way of avoiding the liability. On the whole, we see no error in this record which requires reversal of the judgment, and it is affirmed.