# Barnes *v.* Bamberger.·

*Foreign attachment—Interpleader—Affidavit of defense.*

Where a garnishee in a foreign attachment disclaims all interest in the funds in his hands, and petitions for an interpleader between the plaintiffs in the foreign attachment and a person claiming the fund by assignment from the defendants in the foreign attachment, the request for an interpleader should be granted without requiring the money to be paid into court. ·

The interpleader act does not contemplate a payment of the money into court and a disposition of the controversy by the court without a jury.

*Foreign attachment—Interest—Costs.*

A garnishee in an execution attachment is not liable for interest on the money in his hands due the defendant therein while the action is pending ; and in all attachment cases a garnishee without fault recovers costs.

Argued March 21, 1899.    Appeal, No. 387, Jan. T., 1898, by defendants, from order of C. P. No. 3, Phila. Co., June T., 1898, No. 244, refusing an interpleader and making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of John Barnes, trading as John Barnes & Co., to use of S. J. D. Meade, v. Max Bamberger, Julius Sondheim and Morris Bamberger, trading as L. Bamberger & Co.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for interpleader.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was in part as follows :

Defendants have always been ready and willing to pay the plaintiff the balance of his claim, but before they had a reasonable opportunity of so doing, and also before they had notice of the assignment of plaintiff's claim to S. J. D. Meade or any other person, they were served on April 9, 1898, by the high sheriff of Philadelphia county with a writ of foreign attachment with bail in the sum of $3,200 issued against the said plaintiff in a certain action of assumpsit instituted by George Shupert against John Barnes, trading as John Barnes & Company, the plaintiff in these proceedings, in the court of common pleas No. 1

of Philadelphia county to June term, 1898, No. 19, wherein and whereby the goods, chattels, lands, tenements, moneys, credits and interests of the said John Barnes trading as John Barnes & Company, in the hands, possession and control of L. Bamberger & Company, the defendants herein, were attached, and the said L. Bamberger & Company, the defendants were summoned as garnishees.

The defendants are advised, informed and believe, in view of the issuance and service upon them of the writ of foreign attachment aforesaid, that they cannot safely pay the plaintiff the amount claimed by him and his assignee pending the disposition of the proceedings aforesaid, wherein the amount due the plaintiff by the defendants has been attached.

. The defendants, by reason of the attachment proceedings aforesaid and the institution of this suit, on July 13, 1898, filed a petition in accordance with the provisions of the act of assembly of March 11, 1836, wherein the facts of the case were fully stated. In said petition defendants offered to pay the amount claimed into court or dispose thereof as the court should order, and further prayed that the court should order the plaintiff in these proceedings and the said George Shupert, plaintiff in the foreign attachment proceedings aforesaid, to interplead, and further, to make such rules and orders in the cause and issue process for the purpose of making said George Shupert a party to this action and for carrying such proceeding to interplead into full and complete effect, and that this court render such judgment or judgments thereon as shall be agreeable to the rules and practices of the law in like cases.

On, to wit: October 8, 1898, the following order was entered respecting said petition: " Rule absolute as to pay the money into court; remainder of the rule discharged."

The defendants are advised and believe that the order aforesaid will not afford them the protection to which they are reasonably entitled under the act of assembly of March 11, 1836, for the reason that upon payment of the money into court without the plaintiff herein and the said George Shupert being ordered to interplead, it will be possible for the plaintiff herein, upon taking judgment for want of an affidavit of defense, to take possession of the moneys paid into court as aforesaid, in consequence whereof, the defendants may be called upon to

make a second payment of the amount claimed to the said George Shupert in the event of the attachment issued by him as aforesaid being held good.

By reason of the premises, the defendant suggests to the court that any judgment entered in these proceedings be molded so as to afford the defendants the protection which they are reasonably entitled to receive under the act of assembly of March 11, 1836, against any claim which the said George Shupert may or shall have against them by reason of the attachment proceedings aforesaid.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Errors assigned* were (1) in discharging defendants' rule to show cause why the plaintiff herein and the attaching creditor should not interplead in the manner provided by the act of assembly of March 11, 1836; (2) in making absolute the rule for judgment for want of a sufficient affidavit of defense against L. Bamberger & Company, without so molding the judgment as to protect the said defendants; (3) in giving judgment for want of a sufficient affidavit of defense against L. Bamberger & Company, without so molding the judgment as to protect the said defendants; (4) in allowing interest to be added on the claim of John Barnes from the date upon which the funds in the hands of said defendants were attached and said defendants made garnishees in the attachment proceedings.

*William Jay Turner*, with him *Edward A. Potter*, for appellants.—An interpleader is the proper method of determining the ownership of a fund where it is claimed by two or more persons, and the person seeking the interpleader is a mere stakeholder: Bechtel v. Sheafer, 117 Pa. 555; DeZouche v. Garrison, 140 Pa. 430; Brownfield v. Canon, 25 Pa. 299.

It has frequently been held by this court that the pendency of an attachment is not a bar to an action against the garnishee at the suit of the legal holder of the debt attached. That such judgment neither abates nor bars the action, but that pleading it gives notice of the claim and enables the court to mold the judgment so as to protect the parties' rights. The molding of a judgment under such circumstances is manifestly right: Kase v. Kase, 34 Pa. 128; Brown v. Scott, 51 Pa. 357.

A garnishee in a foreign attachment is not liable for interest pending the attachment: Mackey v. Hodgson, 9 Pa. 468 ; Fitzgerald v. Caldwell, 2 Dall. 215; Irwin v. Pittsburg, etc., R. R. Co., 43 Pa. 488.

*Julius C. Levi*, for appellees.—As some of the parties litigant were to be protected, the court considered that protection should first be given to the plaintiff to whom the money was owing. The appellee takes issue with the argument of the appellant that if the money had been paid into court the plaintiff could proceed to judgment, for such a payment would have been a good defense to the action: Beatty v. Lehigh Valley R. R. Co., 134 Pa. 294.

It is submitted that the molding of judgments has no place in this controversy, for if the appellant had paid the money into court he could have pleaded such payment into court as a defense to the action: Beatty v. Lehigh Valley R. R. Co., 134 Pa. 294; Stern v. Jones, 7 Kulp, 19; DeZouche v. Garrison, 140 Pa. 430.

OPINION BY MR. JUSTICE McCOLLUM, May 23, 1900:

Two months prior to the institution of this suit the defendants therein were made garnishees in a foreign attachment proceeding against the plaintiff, by George Shupert. The defendants in the suit aforesaid admitted that they were indebted in the sum of $1,018.43 for merchandise purchased by them of Barnes & Company, between March 22, and April 13, 1898, and expressed their willingness to pay said sum into court on such terms as would relieve them from liability to be put to the expense of defending two suits, and to the risk of being compelled to pay said sum twice. After the plaintiff's statement of claim was filed and before a plea was entered the defendants presented a petition for an interpleader between the plaintiff and Shupert and in which they averred that the garnishee proceedings were served on them before they had any notice of the assignment of the claim to the use plaintiff. The petition contained an offer by the defendants to pay into court the sum they owed for merchandise bought of Barnes & Company or to dispose thereof as the court should order. On July 13, 1898, the petition was filed, with the affidavit, and on

due consideration a rule was entered to show cause why John Barnes to use of S. J. Meade, and George Shupert, should not interplead as to the subject-matter of the action, and why L. Bamberger & Company, defendants, should not have leave to pay the money into court, and be allowed their reasonable costs ; rule returnable on the first Saturday of October, 1898. All proceedings to stay pending the rule. On October 8, 1898, the court refused to order the plaintiff and the attaching creditor to interplead and made absolute that part of the rule allowing the defendants to pay the money into court. No reason was stated or explanation given by the court for its action. The defendants then filed an affidavit of defense admitting the claim but again setting forth all the facts and circumstances of the case, and in conclusion asked the court to so mold the judgment as to protect them from a double liability in the premises. Upon a rule for judgment for want of a sufficient affidavit of defense the court entered judgment against the said defendants for the full amount of plaintiff's claim with interest, and refused to mold the judgment as prayed for.

The defendants having brought themselves within the letter and spirit of the act of March 11, 1836, and disclaimed all interest in the subject-matter of the action, the court should without delay or hesitation, have granted the interpleader prayed for. The payment of the money into court was not a condition precedent to the order for an interpleader, nor was the entry of a judgment in the suit of Barnes & Company to the use of Meade, under the circumstances, a justifiable proceeding. There is nothing discoverable in the conduct of the defendants which excused the action of the court, and the interpleader act does not contemplate a payment of the money into court and a disposition of the controversy by the court without a jury. In any view of the case presented by the record it was error in the court to discharge that part of the rule relating to the interpleader, and to enter judgment against the defendants.

" A foreign attachment suspends the interest on so much of the debt attached as will be required to satisfy the plaintiff's demand, whether the defendant be the real owner or not, if the debt is wrongfully attached the owner has his remedy over against the plaintiff in the attachment: " Mackey v. Hodgson, 9 Pa. 468.

"A garnishee in an execution attachment is not liable for interest on the money in his hands due the defendant therein, while the action is pending; and in all attachment cases a garnishee without fault recovers costs:" Irwin v. P. & C. Railroad Co., 43 Pa. 488.

Judgment reversed and rule to interplead reinstated and made absolute.