# Lansdale Trust and Safe Deposit Company, Appellant, *v.* Smith.

*Attachment—Execution—Mortgage and bond—Prima facie case.*

The plaintiff in an attachment execution has made out a prima facie case against the garnishee, who has pleaded nulla bona, where he offers in evidence even though he produces it from his own custody, a bond executed by the garnishee to the defendant, which bond appears upon its face to be due, unpaid, unassigned and still owing to the defendant. In such a case the fact that the plaintiff has also offered in evidence answers of the garnishee to interrogatories in which garnishee denies liability to the defendant is not conclusive of the fact therein alleged that garnishee is not indebted to the defendant.

Argued Oct. 11, 1901. Appeal, No. 44, Oct. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 550, refusing to take off nonsuit in case of Lansdale Trust and Safe Deposit Company v. Harry J. Smith, Defendant, and Joseph Raspin, Garnishee. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Attachment execution. Before BIDDLE, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Benjamin F. Perkins,* with him *John F. Keator,* for appellant.—The evidence produced at the trial made out a prima facie case against the garnishee: Carr v. Beck, 51 Pa. 269; Black v. Nease, 37 Pa. 433.

The garnishee contends that because the bond was produced from the custody of the plaintiff there is a presumption that an assignment has been made to the plaintiff, and, if so, that he has no standing in this proceeding against the garnishee. Clearly there is no such presumption: Hodgdon v. Naglee, 5 W. & S. 217; Bury v. Hartman, 4 S. & R. 175; Miner & Co. v. Kosek, 7 Kulp, 72; Foster v. Sinkler, 4 Mass. 450; Larrabee v. Knight, 69 Maine, 320; Fessler v. Ellis, 40 Pa. 248; Sergeant on Foreign Attachment, p. 101; Walker v. Gibbs, 2

Dallas, 211; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 506; Wherry v. Wherry, 179 Pa. 84.

*Joseph S. Goodbread,* for appellee.—A parol assignment of a bond and mortgage accompanied by delivery of the papers will prevail over a subsequent written assignment of the same mortgage although recorded: Brumbach v. McLean, 196 Pa. 321; Rushton v. Rowe, 64 Pa. 63.

OPINION BY BEAVER J., January 21, 1902:

The plaintiff, having a judgment against the defendant, issued an attachment execution to attach in the hands of the garnishee the amount of a bond and mortgage given by the garnishee to the defendant. Upon the plea of nulla bona an issue was joined and, in the trial, the plaintiff offered his judgment against the defendant and the bond and mortgage given by the garnishee to the defendant. If he had stopped here, the appellee admits that he " might have been called upon to offer testimony at the trial." The plaintiff, however, offered in addition the answer of the garnishee to the interrogatories filed in the attachment in which, among other things, he answered that he " was in no wise indebted to Harry J. Smith, the defendant." At this stage of the trial, upon the motion of the counsel for garnishee, a nonsuit was entered which the court below refused to take off, and that refusal is here assigned for error.

No reasons for entering the nonsuit or for the refusal to take it off are given and we can only guess at them from the line of argument pursued by the appellee in his effort to sustain the ruling of the court. From this we gather, it being distinctly admitted by the appellee that a bond is a proper subject of attachment execution, that the court held either that the plaintiff, having offered the answers of the garnishee to the interrogatories, was bound thereby or that, having the bond of the garnishee in its possession, it must be presumed to be the owner thereof and, in that event, its remedy was by a suit on the bond or a scire facias on the mortgage which accompanied it and not by attachment. Of these in their order.

1. The appellee admits that, if plaintiff had rested after giving in evidence his judgment against the defendant and the

bond and mortgage given by him to the defendant, it would have been necessary for him to establish by competent evidence that he was not indebted to the defendant. His allegation, however, is that the plaintiff relieved him from this necessity by offering in evidence his answers to interrogatories in which he alleged that he owed nothing to the defendant. Was this conclusive? We think not. A prima facie case was established, when the appellee's bond and mortgage, uncanceled and unassigned, were given in evidence. If at this stage of the trial the plaintiff had called the appellee as upon cross-examination, he would not have been concluded by his answers and the case would have gone to the jury to determine whether such a denial overcame the presumption of indebtedness raised by the bond and mortgage already in evidence. The answers to interrogatories rose no higher as to quality and were no more conclusive of the question at issue than the testimony of the appellee would have been. We may assume, therefore, that the nonsuit was not granted for this reason.

2. Did the possession of the bond and mortgage by the plaintiff at the trial raise such a presumption of ownership as to preclude a recovery against the appellee as garnishee? It will, of course, be readily conceded that, if the plaintiff owned the bond and mortgage, its remedy against the garnishee was either by a suit upon the bond or a scire facias upon the mortgage, but there was no allegation of ownership and no testimony upon the subject, either one way or the other. It may be presumed that, if such ownership existed, the plaintiff would have pursued the most direct and efficient method of securing his money. It can scarcely be conceived that a resort to the cumbersome and circuitous mode of recovery by attachment execution would be had, if it had been in the power of the plaintiff to pursue the more direct remedy. If the defendant had alleged ownership by the plaintiff, it was easy to call either an officer of the plaintiff corporation or the defendant to prove it. We do not think the mere possession of these evidences of indebtedness and the fact of their having been offered in evidence by the plaintiff raised such a conclusive presumption of ownership as would preclude a recovery against the garnishee as such in the absence of substantive proof of the fact. The appellee further contends that, even if this were so, the

attachment itself was equivalent to an equitable assignment of the bond and mortgage to the appellant and that, under the authority of Rushton v. Rowe, 64 Pa. 63, the remedy was by scire facias on the mortgage in the name of Smith, for use, or by a suit upon the bond, but the attachment could not operate as an equitable assignment of the bond and mortgage, until a judgment had been entered thereon, as had been done in Rushton v. Rowe, supra. In any event, as the case stood at the close of the plaintiff's case, it was entitled to go to the jury upon the question of the appellee's indebtedness to the defendant. Judgment reversed and a new venire awarded.