## Develin v. Ford.

*Attachment execution—Assignment of debt—Practice, C. P.*

Where a judgment creditor takes from his debtor an assignment of a debt due to the latter, and subsequently without further proceedings under the assignment, issues an attachment execution against the debt assigned, and after a trial on the merits recovers a judgment against the garnishee, and it appears that the rights of other parties had not intervened, and the judgment debtor not only did not object but assisted the plaintiff in the trial, the judgment will not be reversed by reason of the irregularity of the plaintiff in proceeding on the attachment without having first canceled the assignment, or reassigned the debt to the judgment debtor.

Argued Dec. 9, 1901.  Appeal, No. 100, Oct. T., 1901, by James Grugan, garnishee, from judgment of C. P. No. 2, Phila. County, Sept. T., 1898, No. 346, on verdict for plaintiff in case of James A. Develin v. Michael J. Ford, Defendant, and James Grugan and James Grugan, Executor and Trustee of John Gru-

·gan, Deceased, Garnishee. Before Rice, P. J., Beaver, Or-
lady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Attachment execution. Before Wiltbank, J.

At the trial the garnishee proved that prior to the issuance
of the attachment the defendant had assigned to the plaintiff
whatever claim he had against the garnishee under said contract,
and that the plaintiff had accepted the assignment and notified
the garnishee that the claim belonged to him, whereupon bind-
ing instructions were asked in favor of the garnishee on the
ground that if the claim belonged to plaintiff before the attach-
ment issued it could not belong to the defendant and therefore
could not be reached by an attachment sur judgment against
the defendant. The court below refused the instructions asked
for.

Verdict and judgment for plaintiff for $167.09.

*Error assigned* was (2) in refusing binding instructions for
garnishee.

*Bradbury Bedell*, for appellant.—Plaintiff below, having ac-
cepted the assignment, acted under it, notified garnishee, appel-
lant, of it, if he desired to enforce his rights thereunder, could
only do so by a suit brought against the garnishee, appellant,
as a defendant; he could not enforce any right which he might
have had under the assignment by an attachment sur judgment
in a case wherein he was plaintiff and his assignor was defend-
ant. It would be a decided legal anomaly if litigation could
be carried on by short cuts of this character.

*William H. Burnett*, for appellee.—Attachment executions
are collateral processes to the regular action between the parties
for the same debt or duty, and are not incompatible with them:
Kase v. Kase, 34 Pa. 128.

Opinion by William W. Porter, J., January 21, 1902:

This trial was had between Develin, the judgment creditor
of Ford, and Grugan, garnishee, under an attachment sur judg-
ment. On December 22, 1898, the attachment issued. It was
shown that on the same day Develin took an assignment from

Ford of his claim against Grugan, but whether before or after the issuance of the attachment does not appear from the record as furnished in the paper-book. The garnishee claims that the court should, as requested, have directed a verdict for the defendant, because the claim was, after the assignment, no longer in Ford, but in the plaintiff himself, and that therefore there was no debt which could be grasped by the writ. Were there rights of others than the parties to the issue affected by the assignment, the appellant's position might be tenable. But the plaintiff was not estopped from treating his assignment as a nullity where neither the rights of the garnishee nor those of any third party were injuriously affected. The defendant in the judgment might possibly complain because of increase of costs. He, however, does not appear with any objection, but assisted the plaintiff by giving testimony in his behalf on the trial. The issue, so far as the garnishee was concerned, was only whether he was indebted under the facts shown. This issue was fully tried and the verdict went against him. Whether the amount found to be due goes to the plaintiff by virtue of his assignment or by virtue of the attachment, is of no moment to the garnishee. The judgment upon the verdict is itself an equitable assignment of the claim : Rushton v. Rowe, 64 Pa. 63. If the plaintiff intended to rely on his assignment, he should have sued Grugan thereon, or if he desired to rely on his attachment, he should have shown a cancelation of the assignment or a reassignment to Ford. In strictness the proceedings were irregular, but the real matter in dispute has been decided after a fair presentation of the facts in a form of issue which necessitates the conclusion that the plaintiff has relied, not upon his assignment, but upon his writ of attachment. To require further proceedings to determine the same issue between the same parties would result in a useless multiplication of actions to which the law lends no encouragement. This consideration moves us in the particular case, to direct that the judgment of the court below be and it hereby is affirmed.