## The Royal Tailors v. McIntyre.

*Practice, C. P.—Foreign attachment—Intervention of a third party as garnishee—Act of May 26, 1897.*

1. A third party claiming property attached in a foreign attachment may intervene by petition and become a party to the suit as a garnishee for the purpose of raising the question of ownership of the property attached.

2. The claimant in such a case has no interest in the suit, and cannot defend the action or dissolve the attachment, but only assert his claim or ownership to the property and have that issue determined.

3. That claimant has a remedy under the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, does not affect the right to intervene.

Foreign attachment. Rule to show cause on petition of S. S. McIntyre to intervene. C. P. Warren Co., March T., 1921, No. 18.

*F. J. Lyons*, for plaintiff; *Alexander & Clark*, for petitioner.

LINDSEY, P. J., July 11, 1921.—This is a case of foreign attachment, and the sheriff has attached certain personal property and also certain real estate as the property of A. G. McIntyre, the same being found in the possession of Sherwood Skinner, who is named as garnishee. S. S. McIntyre presented her petition, on which this rule was granted, alleging that she is the wife of defendant, A. G. McIntyre, and a resident of Salt Lake City, Utah; that she is the owner of the property attached by conveyance from her husband, A. G. McIntyre, and prays leave to intervene in the suit as a party thereto, "to the end that she may assert her ownership of said property as against the claim of the plaintiff and so that said attachment may be dissolved." Plaintiff argues that claimant should not be allowed to intervene, as she has no interest in the suit itself, and as to her claim of ownership of the property, she has a remedy by sheriff's interpleader as to the personal property and by action of ejectment as to the real estate.

The Interpleader Act of May 26, 1897, P. L. 95, applies to property seized under a foreign attachment: Barnes *v.* Bamberger, 196 Pa. 123; Barndollar *v.* Fogarty, 203 Pa. 617.

It does not necessarily follow, however, that a claimant of property should be remitted to that proceeding as his only remedy. It has been held that a third party claiming property attached should be allowed to intervene and become a party to the suit with the garnishee: Keystone Brewing Co. *v.* Canavan, 19 Dist. R. 132; Hildreth *v.* Kepner, 11 Dist. R. 789.

We can see no objection to following the practice of allowing a third party claimant of property to intervene in the foreign attachment, and such would seem to be the most direct way of raising the question of ownership of the property attached. The claimant, of course, has no interest in the suit, but does not become a party defendant by intervening, but a party garnishee, and cannot defend the action or dissolve the attachment, but only assert his claim of ownership to the property and have that issue determined. In this case, also, both real and personal property are involved, and by allowing claimant to intervene, the title to both can be determined in this action, whereas separate suits would be necessary under any other procedure. We think the petition should be granted to the extent of allowing the petitioner to intervene in this case as a party garnishee.

And now, to wit, July 11, 1921, it is hereby ordered that S. S. McIntyre, a third person who claims to own the property attached as that of A. G. McIntyre, be and hereby is permitted to come in and, with Sherwood Skinner, the garnishee, determine the question of ownership to the property attached

as a party garnishee. With this modification of the rule asked for by S. S. McIntyre, the same is made absolute; and it is further ordered that the making absolute of the rule shall have the same force and effect with respect to making S. S. McIntyre a party to this suit as the summoning of said S. S. McIntyre as garnishee would have, had the property attached been found by the sheriff in her possession.

From W. S. Clark, Warren, Pa.