## Werden Lumber Co. v. Norfolk & Western Railway Co.

*Foreign attachment—Effect on action for debt attached—Interest.*

1. The pendency of a foreign attachment is no bar to an action against the garnishee at the suit of the legal holder of the debt attached.

2. The general rule is that a foreign attachment suspends the running of interest on so much of the debt attached as may be necessary to satisfy the plaintiff's demand.

3. The rule does not apply where the delay has resulted from the litigiousness or unreasonable conduct of the garnishee.

4. The case at bar was held to be within the exception.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 5, Phila. Co., June T., 1924, No. 11035.

*T. Daniel* and *F. F. Kane,* for plaintiff; *Cheston & Rivinus,* for defendant.

MARTIN, P. J., April 17, 1925.—The plaintiff is here suing to recover the purchase price of certain lumber delivered to the defendant. The defendant filed an affidavit of defence, admitting the purchase of the lumber and its liability for its payment, but averring that prior to the bringing of this suit a writ of foreign attachment was served upon it as garnishee in the County of Allegheny, Pennsylvania, naming the said Werden Lumber Company as defendant. The plaintiff has moved for judgment for want of a sufficient affidavit of defence.

The sole contention between the parties now seems to be as to whether interest should be included in the judgment, the defendant admitting that under the authorities in Pennsylvania the plaintiff is entitled to judgment for the amount of its claim.

The undisputed facts here are that the order for the lumber was given Nov. 8, 1922, and accepted on Nov. 10th. The lumber was to be delivered f. o. b. cars mill. Over one-half of this order was shipped and paid for by the defendant. The four cars for which payment has not been made were shipped as follows: Nov. 20th, Nov. 29th, Dec. 7th and Dec. 11th; and the admitted price for the lumber shipped on these four cars was $2062.05. The invoices accompanying these four cars were assigned to the Georgia National Bank, the use-plaintiff. The bail to dissolve under the writ of foreign attachment was fixed at $1916.88. The writ of foreign attachment issued on Jan. 8, 1923, and was only served on Jan. 22nd. The affidavit of defence avers that written notice was given to the Werden Lumber Company and the Georgia National Bank of the issuing of this attachment, but no time is specified when this notice was given. The affidavit of defence was sworn to on Nov. 6, 1924, and, of course, was filed subsequently.

The defendant concedes that, under the authority of Brown *v.* Scott, 51 Pa. 357, the plaintiff is entitled to judgment, even though the foreign attachment may be pending, but contends that this judgment cannot include interest, and relies upon Mackey *v.* Hodgson, 9 Pa. 468, and Irwin *v.* Pittsburgh & Connellsville R. R. Co., 43 Pa. 488, to sustain this position. The general rule, as stated in these authorities, is that a foreign attachment suspends the running of interest on so much of the debt attached as may be necessary to satisfy the plaintiff's demand; but even these cases recognize a modification of the rule, in that the garnishee must be ready and willing to pay, and that this should be a matter of pleading. The affidavit of defence fails to aver a readiness and willingness to pay, unless it may be inferred from the submission to such order as the court may deem proper. There are other modifications of this rule, as recognized in the later cases; Rushton *v.* Rowe, 64 Pa. 63, 66, in which Mackey *v.* Hodgson and Irwin *v.* Railroad Co. were considered, and

the general rule recognized, but it was held that the rule should be denied where the delay has resulted from the litigiousness of the garnishee or where he himself is the cause of any unreasonable delay. The Supreme Court recognized the modified rule as here laid down in Singerly's Executors *v.* Woodward, 8 W. N. C. 339.

The case of Barnes *v.* Bamberger, 196 Pa. 123, turned on the error of the court in refusing the petition of the garnishee for an interpleader. The cases recognize the fact that the garnishee can relieve himself absolutely from liability for interest by bringing in the person claiming the fund in garnishee's hands or by paying the debt into court.

In considering whether the judgment should include interest, we cannot lose sight of the fact that this lumber was shipped on and prior to Dec. 11th, and the attachment was not served until Jan. 22nd; that the bail to dissolve the attachment was only $1916.88, and the defendant has made no payment of the balance of the claim of the plaintiff over and above the liability fixed in the attachment; that it has not averred any readiness and willingness to pay; that the affidavit of defence was filed almost two years after the receipt of the lumber and the accrual of right of action of the plaintiff, and, so far as the affidavit of defence discloses, no excuse is offered for the non-disposition of the garnishee proceeding in Allegheny County. The defendant has this money in its hands and presumably is using it.

Under the facts as disclosed by these pleadings, the defendant has not excused the delay in the determination of the attachment, and after this lapse of time, such delay is not reasonable.

And now, to wit, April 17, 1925, judgment is hereby directed to be entered in favor of the plaintiff and against the defendant for the sum of $2062.05, with interest from Dec. 11, 1922, for want of a sufficient affidavit of defence.