## Commonwealth, Appellant, *v.* Krukoff.

Argued November 17, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*John G. Alford,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*Morris F. Cohen,* for appellee.

OPINION BY JACOBS, J., March 27, 1973:

The issue in this case is whether, at a suppression hearing, the affiant for a search warrant is competent to testify as to what facts in addition to those contained in his affidavit he recited orally to the magistrate under oath. The lower court held that he was not, and we reverse.

On the basis of a search warrant, the police searched appellee's apartment and found a quantity of untaxed cigarettes. Appellee was charged with possession of untaxed cigarettes and filed an application to suppress the evidence. The affidavit which was presented to the magistrate who issued the warrant was deficient in that it failed to show that the informant was reliable or to set forth the underlying facts from which the informant concluded that appellee had such cigarettes.[1] However, at the suppression hearing, affiant testified that there were a number of prior occasions when the informant's information had proved reliable and that the informant had told him he purchased untaxed cigarettes from appellee at the apartment searched. The district attorney attempted to have the affiant testify as to what he had related orally to the magistrate relative to reliability and the underlying facts supporting the informant's belief as to the location of the ciga-

---

[1] *See Aguilar v. Texas,* 378 U.S. 108 (1964).

rettes. The lower court refused to let him so testify, holding that only the magistrate could testify as to what information was told him.

In its ruling, the court relied upon *Commonwealth v. Crawley,* 209 Pa. Superior Ct. 70, 223 A.2d 885 (1966), *aff'd,* 432 Pa. 627, 247 A.2d 226 (1968), and the best evidence rule. The Commonwealth, having no other evidence of appellee's guilt, has taken this appeal.

*Commonwealth v. Crawley,* supra, stands for the proposition that in a determination of whether probable cause existed for the issuance of a search warrant oral statements made under oath to the magistrate by an affiant who signed the affidavit may be considered. The implication of the case is in favor of the competency of the affiant to testify as to oral statements made to the issuing magistrate, rather than against such competency as discerned by the lower court. In *Crawley,* the oral statements which the magistrate received were related to the trial judge, who was considering the question of probable cause, by the officer who had made them.[2]

In excluding the officer's testimony under the best evidence rule, the lower court misapplied that doctrine as it has been understood in recent years. It has been held to apply only where documentary evidence is involved. *See Commonwealth ex rel. v. Joyce,* 316 Pa. 434, 175 A. 422 (1934); *Commonwealth v. Smith,* 174 Pa. Superior Ct. 533, 102 A.2d 243 (1954); M. Brown,

---

[2] In *Crawley,* the officer's testimony as to his oral statements was elicited upon cross-examination; in the present case, the testimony would have been elicited upon direct examination. This distinction is not a material one.

If in fact the officer in the present case was not under oath when he made the statements to the magistrate, that would be a valid reason for keeping his testmony out; but that fact does not appear in the record.

Pennsylvania Evidence 201 (1949). Even prior to such modern thinking it was held that the old common law best evidence rule "ha[d] no application to a choice between witnesses, where both have legitimate knowledge of the subject-matter of the inquiry." *Canfield v. Johnson,* 144 Pa. 61, 76, 22 A. 974, 976 (1891) ; *see Massee v. Quartucci,* 170 Pa. Superior Ct. 234, 85 A.2d 690 (1952). The offered testimony of the affiant was not hearsay, was to facts within his personal knowledge and should have been admitted. It may be that the court felt his testimony would lack credibility but that was no ground for excluding it.

The order of the lower court is reversed and the case remanded for proceedings not inconsistent with this opinion.