# Sargent *v.* Hancock Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Insurable interest—Designation of beneficiary—Power to change beneficiary—Interpleader—Act of March 11, 1836, P. L. 76.*

1. Where a married woman insures her own life, and designates a beneficiary, and after the death of such beneficiary designates another person as such, but reserves the right to change such beneficiary from time to time, with the consent of the company, the person last named will upon the death of the insured be entitled to the proceeds of the policy; and the insurance company cannot demand an interpleader merely because the husband of the insured claims the fund, and threatens a suit.

2. The Act of March 11, 1836, P. L. 76, providing for the allowance of interpleaders in actions at law does not make it obligatory upon the court to grant an interpleader in all cases in which it is prayed for by a defendant. The court is invested with a discretion to determine whether the party is entitled to the relief or not.

Argued Oct. 17, 1911. Appeal, No. 76, Oct. T., 1911, by defendant, from order of C. P. No. 2, Phila. Co., June Term, 1910, No. 399, discharging rule for interpleader in case of Frank W. Sargent v. John Hancock Mutual Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for interpleader.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for interpleader.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Frank A. Chalmers,* for appellant.—In Pennsylvania

the law is clear that the beneficiary must have an insurable interest in the life of the insured when the policy is taken out in his name, or assigned to him, he paying the premiums therefor. If the beneficiary pays the premium on the policy upon the life of the insured without having an insurable interest therein the contract is in the nature of a "wagering policy" and is against public policy: Corson's App., 113 Pa. 438; Keystone Mut. Ben. Assn. v. Norris, 115 Pa. 446; Gilbert v. Moose, 104 Pa. 74; Downey v. Hoffer, 110 Pa. 109.

A nephew or niece does not have an insurable interest in the life of an aunt: Riner v. Riner, 166 Pa. 617; Crone v. Prudential Ins. Co., 11 Pa. Dist. Rep. 433.

A stepson has no insurable interest in the life of his stepfather: United Brethren Mut. Aid Soc. v. McDonald, 122 Pa. 324.

Nor an adult son in the life of his father: Life Insurance Clearing Co. v. O'Neill, 106 Fed. Repr. 800.

A son-in-law has no insurable interest in the life of his father-in-law: Ramsay v. Myers, 6 Pa. Dist. Rep. 468.

Or his mother-in-law: Stoner v. Line, 16 W. N. C. 187.

Nor a brother in the life of a sister: Mullen v. Ins. Co., 40 W. N. C. 529.

Nor an uncle in the life of a nephew: Metropolitan Life Ins. Co. v. Elison, 3 L. R. A. (N. S.) 934.

The Pennsylvania cases certainly do not show a tendency on the part of the courts to strictly scrutinize the rights of the claimants to the fund before granting the interpleader: Brooke v. Smith, 13 Pa. C. C. Rep. 557; Loughlin v. McCormick, 2 W. N. C. 352; Bechtel v. Sheafer, 117 Pa. 555; Brownfield v. Canon, 25 Pa. 299; McNamara v. Provident Sav. Life Assur. Soc. of New York, 114 Fed. Repr. 910.

*G. C. Ladner,* of *Ladner & Ladner,* for appellee.—A party is not entitled to an interpleader where there is a contract relation with one of the claimants nor where rights and liabilities exist between the parties independent of the

title to property or debt or duty in question: Crawshay v. Thornton, 2 My. & Cr. 1; Patorni v. Campbell, 12 M. & W. 277; Warrington v. Mengel, 41 Pa. Superior Ct. 362; Scott v. Dickson, 108 Pa. 6; Overbeck v. Overbeck, 155 Pa. 5.

The appellant is not entitled to an interpleader because it is in no danger of being compelled to pay the money twice, since payment to the beneficiary is a complete discharge of the company: Scott v. Dickson, 108 Pa. 6; Overbeck v. Overbeck, 155 Pa. 5; Bomberger v. Union Beneficial Mut. Aid Society, 6 Atl. Repr. 41; Foster v. Preferred Accident Ins. Co., 125 Fed. Repr. 536.

Payment to beneficiary is a complete discharge of the company: Hill v. United Life Ins. Assn., 154 Pa. 29.

The insurance company is not entitled to an interpleader, because it does not appear that a claim has been made by any one (other than the beneficiary) who has the right to do so: Bomberger v. Union Beneficial Mut. Aid Society, 6 Atl. Repr. 41.


OPINION BY PORTER, J., March 1, 1912:

The plaintiff brought this action upon a policy of insurance issued by the defendant company upon the life of Catherine Semple, in which, at the time of the death of the assured, plaintiff was named as beneficiary. The statement filed by plaintiff averred and the copy of the policy attached to that statement disclosed that the policy had been procured by Catherine Semple, the deceased, on February 14, 1900, and under its covenants the defendant company agreed to pay "to the beneficiary, if living, named in the application herefor or in the written amendment thereof when approved by the company, or to the executor or administrator of the insured hereunder, unless settlement be made as hereinafter provided, . . . . the amount named in the schedule below, subject to these conditions and provisions." Among the conditions of the policy was one authorizing the company, in its discretion, to pay the amount of the insurance to any "person in the judgment of said company equitably entitled to re-

ceive the same by reason of having incurred expenses in any way on behalf of the insured for his burial, or for any other purpose, and the receipt of any such person shall be conclusive evidence that such sum has been properly paid, and discharge the company from liability under this policy." Catherine Semple, at the time she procured this policy, in the application therefor, named Ella Sargent as the beneficiary thereof, reserving the right to change such beneficiary from time to time, with the consent of the company, by written notice to the company. Ella Sargent, the beneficiary, died on June 17, 1906, and on July 3, 1906, Catherine Semple, the assured, gave the company notice of that fact in writing and designated Frank Sargent, this plaintiff, as beneficiary under the policy, said notice stating that Frank Sargent was the uncle of the assured. The defendant company approved this designation of the plaintiff as beneficiary. In this designation of the plaintiff as beneficiary the assured again reserved the right to change such beneficiary from time to time, with the consent of the company. Catherine Semple died on June 20, 1909, without having made any change in the beneficiary designated in the policy. The plaintiff having brought this action upon the policy and filed his statement, the defendant presented a petition admitting its liability to pay the amount of the policy but averring that it was unable to determine to whom the money rightfully belonged, upon the following grounds: "The plaintiff is the uncle of the insured, and that the insured was not supported by the plaintiff herein, nor was there any relationship between the said plaintiff and the said insured which would in law create an insurable interest in the plaintiff. (2) That claim has been made against your petitioner by the husband of the insured, Thomas Semple, for the proceeds under the said policy, and while the said Thomas Semple is not named as beneficiary in the said policy, he claims that the proceeds thereof should be paid to him as next of kin, or if necessary after letters of administration have been granted, to him as administrator, because of

the lack of an insurable interest in the plaintiff herein, and the resultant speculative interest of the said plaintiff. And the said Thomas Semple threatens to bring suit against the petitioner for the recovery of the said proceeds of the said policy." The petition averred that the defendant was liable to be put to the expense of defending two actions and subject to the risk of being compelled to pay money twice, and prayed "that the said Thomas Semple be ordered and directed to interplead with the plaintiff herein to determine the ownership of the said fund," and that the petitioner be permitted to pay the fund, less counsel fees and expenses, into court. The court below granted a rule on the plaintiff and Thomas W. Semple to show cause why an interpleader should not be awarded, which rule it subsequently discharged. The defendant appeals from the order refusing the interpleader.

The Act of March 11, 1836, P. L. 76, providing for the allowance of interpleaders in actions at law does not make it obligatory upon the court to grant an interpleader in all cases in which it is prayed for by a defendant. The purpose of the statute was to relieve a defendant from the expense of defending two actions or being subjected to the risk of being compelled to pay money twice. The party who prays for the interpleader "shall show some probable matter to the court to believe that such suggestion is true;" the court is invested with a discretion to determine whether the party is entitled to the relief prayed for. Did the present case present such a state of facts as to make it an abuse of discretion for the court below to refuse to grant an interpleader? The policy upon which this action was brought did not upon its face appear to be a wagering contract. The insurance had been procured by the person whose life was insured and the policy had been in existence six years before this plaintiff was, upon the death of the beneficiary first named, substituted, with the consent of this defendant, as the beneficiary under the policy. When the deceased, in 1906, designated this plain-

tiff as the beneficiary she did not part with control of the policy but expressly reserved to herself the right to change the beneficiary at any time; she had absolute control of this policy, with power to determine who should take under it, down to the day of her death. A person may take a policy upon his own life, and by the terms of the policy, appoint a person to receive the money in case of his death during the existence of the policy. It cannot be questioned that a person has an insurable interest in his own life, and that he may effect such insurance, and appoint anyone to receive the money in case of his death during the existence of such policy. It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be any controversy as to distribution among the heirs of the deceased of the sum so contracted to be paid, this does not concern the insurers. This is all in entire harmony with the proposition that a party cannot take by assignment from the insured, and hold for his own benefit a policy on the life of one in whose life he has no insurable interest: Scott v. Dickson, 108 Pa. 6; Downey v. Hoffer, 110 Pa. 109; American Life & Health Ins. Co. v. Robertshaw, 26 Pa. 189; Warnock v. Davis, 104 U. S. 775; Franklin Life Ins. Co. v. Hazzard, 41 Ind. 116; Overbeck v. Overbeck, 155 Pa. 5. Catherine Semple having insured her own life and retained to herself until the day of her death the power to designate the person to whom the amount of the policy should be paid, and this plaintiff having been, at the date of her death, the person designated by her to receive the money, there can be no question that a payment by the defendant company to the plaintiff will be a good payment, and a complete satisfaction of the contract upon which it is liable: Hill v. Insurance Association, 154 Pa. 29. This being the case the refusal of the court below to award an interpleader involved no abuse of discretion.

The order of the court below is affirmed and the record remitted with a procedendo.