# Schmidt Brewing Company *v.* Pittsburgh Life & Trust Company, Appellant.

*Practice, C. P.—Interpleader—Right to interpleader—Discretion of court—Act of March 11, 1836, P. L. 76, Section 4.*

1. The Act of March 11, 1836, P. L. 76, Section 4, providing that the court may, at the instance of the defendant, under certain circumstances, require a plaintiff to interplead with a third party where the defendant disclaims any interest in the fund in litigation and where the right thereto is claimed by or supposed to belong to such third party, who is not a party to the action, is not mandatory; but the court must exercise a judicial and not an arbitrary discretion when it determines the right to the interpleader. If the suggestion sets forth facts sufficient to bring the case within the provisions of the statute, the relief prayed for should be granted.

2. The provisions of the Act of 1836 are to protect a defendant from being subjected to the expense of defending two actions and the risk of being compelled to pay the same obligation twice.

3. The payment of money into court is not a condition precedent to the right to an interpleader.

4. An action was brought against a life insurance company by the administrators of the insured, and thereafter an action was brought on the same policies by a creditor of the decedent, who was named in the policies as beneficiary. Defendant thereafter filed a petition for an interpleader before a plea had been filed in the second suit, averring that both suits were for the recovery of the same

funds, that defendant disclaimed having any interest in such funds, that defendant had not incurred any liability independent of such funds to either of the claimants, and that unless an interpleader were granted defendant would be subjected to expense in defending two suits, and the risk of payment of the money twice. *Held,* the lower court erred in discharging the rule for the interpleader and for leave to pay the money into court.

5. In such case the fact that the defendant issued the policies in which decedent's creditor was the beneficiary, thereby establishing a contractual relation between the creditor and the defendant, did not operate to deprive the defendant of the right to the interpleader.

Argued Jan. 11, 1917. Appeal, No. 110, Jan. T., 1916, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1915, No. 2282, discharging rule for interpleader in case of C. Schmidt & Sons Brewing Company v. Pittsburgh Life & Trust Company. Before Mestrezat, Potter, Stewart, Moschzisker and Frazer, JJ. Reversed.

Petition for leave to pay money into court and for an interpleader. Before Ferguson, J.

The facts appear by the opinion of the Supreme Court.

The lower court discharged the rule for leave to pay money into court and for an interpleader. Defendant appealed.

*Error assigned* was in discharging defendant's rule.

*William T. Cooper,* with him *Frank Ewing,* for appellant.—The defendant is entitled to the rule for an interpleader: Bechtel v. Sheafer, 117 Pa. 555; Barnes v. Bamberger, 196 Pa. 123; Paugh v. Del. County Tr., Safe Dep. & Title Ins. Co., 62 Pa. Superior Ct. 523; Sargent v. Hancock Mutual Life Insurance Co., 49 Pa. Superior Ct. 239; Odgen v. Offerman, 2 Miles (Pa.) 40; Mellor v. Negley & Mohan, 2 Pitts. L. J. 2; Act of March 11, 1836, P. L. 76, Section 4.

*Joseph L. McAleer,* for appellee.—The rule for an interpleader taken by the defendant was properly discharged: McCullen v. Metropolitan Life Insurance Co., 2 Pa. D. R. 361; Sargent v. Hancock Mutual Life Insurance Co., 49 Pa. Superior Ct. 239; Sampson v. Metropolitan Life Insurance Co., 18 Pa. D. R. 879; McNally v. Metropolitan Life Insurance Co., 199 Pa. 481.

Defendant's affidavit of defense was insufficient: Phillips' Estate, 238 Pa. 423; Scott v. Dickson, 108 Pa. 6; Corson's Appeal, 113 Pa. 438.

Opinion by Mr. Justice Mestrezat, January 29, 1917:

The Pittsburgh Life and Trust Company, the defendant, issued two policies of life insurance of $5,000 each upon the life of John F. Devlin, in which C. Schmidt & Sons Brewing Company, as creditor of the insured, was named as beneficiary. Devlin died in September, 1915, and proofs of death were duly filed with the defendant. This action was brought by the beneficiary on January 6, 1916, to recover $10,000, the proceeds of the two policies. A statement was filed with the præcipe in which it was averred that interest of plaintiff as a creditor of the deceased still existed at the time of death of the insured to the extent of over $16,000.

The defendant company filed its suggestion or petition for an interpleader on January 24, 1916, in which, after reciting the above facts, it was averred, inter alia, that no plea had been filed in the suit brought by the brewing company, that an action had been begun by the administratrix of John F. Devlin, deceased, on October 11, 1915, to recover on the same cause of action, contract or claim for which the brewing company's suit was brought, that the identical money for which the brewing company's suit was brought was claimed by Devlin's administratrix, and further averring that the "petitioner has no interest in the said money, except for its costs in this behalf expended and for its reasonable counsel fees herein, and is thus liable to be put to the expense of defending two

actions, and is subjected to the risk of being compelled to pay said money twice." The petitioner offered to pay the money into court. The court granted a rule on the plaintiffs in the two suits to show cause why they should not interplead as to the subject-matter of the action, and why the defendant company should not have leave to pay the money into court. The rule was served on both claimants of the fund. Devlin's administratrix filed an answer admitting the facts set forth in the petition and averred that the brewing company had no interest in the policies of insurance except for the amount of the premiums paid by it since December 20, 1907. The answer of the brewing company admitted most of the facts alleged in the petition, but denied that the petitioner would be subjected to expense in defending the suits or risk payment of the money twice. The answer averred that the brewing company is the beneficiary named in the policies, that it had paid all the premiums due thereon, that payment of the money to it would discharge the defendant company, and that the claim of Devlin's administratrix was without foundation and her suit was not brought in good faith. The learned court below discharged the rule for leave to pay the money into court and for the interpleader.

The defendant then filed an affidavit of defense, attaching thereto a copy of the petition for the interpleader, and admitting liability for the amount of the policies and averring that it was ready and willing to pay the party justly entitled to the money, and that, under the facts disclosed to the court, the defendant company could not safely pay the brewing company the amount claimed by it. The affidavit further averred that a statement of claim, a copy of which was attached thereto, had been filed in the suit of Devlin's administratrix against the defendant company, and that it was alleged therein that by reason of the discharge of Devlin in bankruptcy proceedings the two policies of insurance were free and discharged of any claims on the part of the brewing

company. The defendant company further asked the court to so mould the judgment entered in this suit as to protect it against any claim which Devlin's administratrix might have against it by reason of the action brought by her for the same cause of action. A rule for judgment for want of a sufficient affidavit of defense was entered by the plaintiff, which was made absolute for the amount of the policies with interest without an order moulding the judgment as prayed for by the defendant.

A statement of the facts, shown by the pleadings, clearly discloses a case for an interpleader. The proceeding was instituted under Section 4 of the Act of March 11, 1836, P. L. 76, which provides, inter alia, as follows: "The defendant in any action which shall be brought in the said court for the recovery of money, ......which shall have come lawfully to his hands or possession, may, at any time after the declaration filed, and before plea pleaded, by a suggestion to be filed of record, disclaim all interest in the subject-matter of such action, and offer to bring the same into court,......and if he shall also allege, under oath or affirmation, that the right thereto is claimed by, or supposed to belong to some person not party to the action (naming him or them), who has sued or is expected to sue for the same,......the said court may, thereupon, order the plaintiff to interplead with such third person."

It will be observed that the defendant's suggestion or petition avers every jurisdictional fact required by the Act of 1836, and they are not denied by the rival claimants to the fund in controversy. The application for the interpleader was made after the statement had been filed by the brewing company and before the defendant company had entered its plea. The defendant admits that it owes the amount of the policies and disclaims having any interest in the fund except for costs and counsel fees, and offers to pay the money into court. The suggestion avers that the administratrix of John F. Devlin, deceased, the assured, has brought suit against the defend-

ant "on the same cause of action, contract or claim for which this suit is brought."

We are not now concerned, as the learned counsel for the appellee argues, with the merits of the controversy. That question will be determined on the trial of the interpleader. The single question at issue now is the right of the defendant, under the facts disclosed by the pleadings, to have an interpleader to ascertain the right claimant to the fund. It is true that the Act of 1836 is not mandatory, but it is equally certain that the court must exercise a judicial and not an arbitrary discretion when it determines the right to the interpleader. If the suggestion sets forth facts sufficient to bring the case within the provisions of the statute, the relief prayed for should be granted.

In the case at bar, the defendant company is a mere stakeholder, concedes that it owes the money to the party entitled thereto, and disclaims having any interest in the fund for which this action was brought. Defendant has no interest in, or right to, the fund to be adjudicated by litigation. It does not appear that the defendant has incurred any liability, independent of the fund itself, to either of the claimants which would deprive it of the relief it seeks. The fact that the defendant issued the policies on the life of Devlin in which the brewing company is the beneficiary, thereby establishing a contractual relation between the plaintiff and the defendant, does not necessarily deprive the latter of the right to the interpleader: Pennypacker's App., 57 Pa. 114; Bechtel v. Sheafer, 117 Pa. 555. In the opinion in the latter case, Mr. Justice CLARK points out several instances in which there were express contract relations between the parties, yet "it was held by this court to be the precise case for the application of the law of interpleader either voluntarily or compulsorily." Here, the defendant does not deny the contract evidenced by the policies of insurance in which the plaintiff, as the creditor of the insured, is named as beneficiary, but it shows to the court the

facts, occurring since the issuance of the policies, on which Devlin's administratrix claims the fund in dispute and for which she has brought suit. The legality of this claim cannot be determined in this proceeding. It is apparent that the defendant will be compelled to incur the expense of defending two actions and may be subjected to the risk of paying the money twice. The purpose of the Act of 1836, as we have frequently said, was to relieve the defendant from such a situation. We think the concluding remarks of Mr. Justice McCollum in Barnes v. Bamberger, 196 Pa. 123, 127, are applicable to the facts of this case. He said: "The defendants having brought themselves within the letter and spirit of the Act of March 11, 1836, and disclaimed all interest in the subject-matter of the action, the court should without delay or hesitation have granted the interpleader prayed for. The payment of the money into court was not a condition precedent to the order for an interpleader, nor was the entry of a judgment in the suit of Barnes & Company to the use of Meade, under the circumstances, a justifiable proceeding. There is nothing discoverable in the conduct of the defendants which excused the action of the court, and the interpleader act does not contemplate a payment of the money into court and a disposition of the controversy by the court without a jury."

The defendant, being a mere stakeholder and having offered to pay the money into court, should not have been subjected to the costs of litigation, as, suggested in the affidavit of defense, the judgment should have been so moulded as to protect the defendant against the claim of Devlin's administratrix for which an action was pending. The judgment must, therefore, be reversed.

The order discharging the rule for an interpleader is reversed, as is also the order making absolute the rule for judgment for want of a sufficient affidavit of defense, and in each instance a procedendo is awarded.