## McKinley *v.* Mutual Life Insurance Co., Appellant.

*Interpleader—Deciding case on merits—Refusal of interpleader —Act of March 11, 1836, section 4, P. L. 76—Discretion—Abuse of discretion.*

1. Where a defendant in an action of assumpsit presents his petition disclaiming any interest in the fund in controversy, averring a rival claim, and praying for an interpleader as provided by the Act of March 11, 1836, section 4, P. L. 76, the court commits re-

versible error in deciding the case on the merits in preliminary proceedings and discharging the rule for interpleader. Such action is an abuse of judicial discretion.

2. Even aside from the statute the issue should have been awarded under the common law.

Argued September 24, 1923. Appeal, No. 166, Oct. T., 1923, by defendant, from order of C. P. Somerset Co., May T., 1923, No. 108, discharging rule for interpleader in case of Janet Boyd McKinley v. Mutual Life Insurance Co. of New York. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on life insurance policy.
Rule for interpleader. Before BERKEY, P. J.
The opinion of the Supreme Court states the facts.
Rule discharged. Defendant appealed.

*Error assigned* was order, quoting it.

*W. L. G. Gibson*, of *Reed, Smith, Shaw & McClay*, with him *Francis J. Kooser* and *Ernest O. Kooser*, for appellant.—This case is ruled by Szajnecki v. Szajnecki, 71 Pa. Superior Ct. 487.

*Chas. H. Ealy*, of *Uhl & Ealy*, with him *Geo. W. Legge* and *T. L. Richards*, of Cumberland, Md., for appellee.—The case of Sargent v. Hancock L. Life Ins. Co., 49 Pa. Superior Ct. 239, cannot be distinguished in principle from the case at bar.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

In 1918 the Mutual Life Insurance Company of New York, defendant, insured the life of Archie J. Taylor of Somerset County for $5,000, the policy naming "his executors, administrators or assigns" as the beneficiary. In 1921 Mr. Taylor exercised the right reserved to him in the policy of changing the beneficiary to "the insured's creditor, Janet Boyd McKinley, if living, if not, to the insured's estate"; reserving to himself the right

to revoke such designation. The insured died in October, 1922, without making any further change of beneficiary, but leaving a last will in which his wife, Jessie Taylor, was named as executrix. Janet Boyd McKinley, as designated beneficiary and Jessie Taylor, as executrix, each presented to the defendant an apparently bona fide claim to the $5,000 insurance. Janet Boyd McKinley brought this suit to enforce her claim and the executrix threatened to do likewise. Thereupon defendant duly presented its petition to the court below setting forth, inter alia, the rival claims, that it was a mere stakeholder without interest in the subject-matter of the suit, and admitted its liability for the whole of the plaintiff's claim offering to pay the money into court, or to dispose of it as the court might direct, and prayed for an order on the claimants to interplead. In response to a rule to show cause, each claimant filed an answer containing averments in support of her claim, and the trial court in an exhaustive opinion reached the conclusion that on the pleadings plaintiff was entitled to the fund, and thereupon discharged the rule for an interpleader, from which order the defendant brought this appeal.

As to the merits of the respective claims it is not necessary to express an opinion, for, as a matter of practice, it was error to decide that question in this preliminary proceeding. The case is ruled by Schmidt Brewing Company v. Pittsburgh Life & Trust Co., 256 Pa. 363, where Mr. Justice MESTREZAT, speaking for the court, says, "The proceeding was instituted under section 4 of the Act of March 11, 1836, P. L. 76, which provides, inter alia, as follows: 'The defendant in any action which shall be brought in the said court for the recovery of money,......which shall have come lawfully to his hands or possession may, at any time after the declaration filed, and before plea pleaded, by a suggestion to be filed of record, disclaim all interest in the subject-matter of such action, and offer to bring the same into court, ......and if he shall also allege, under oath or affirma-

tion, that the right thereto is claimed by, or supposed to belong to some person not party to the action (naming him or them), who has sued or is expected to sue for the same,........the said court may, thereupon, order the plaintiff to interplead with such third person.' It will be observed that the defendant's suggestion or petition avers every jurisdictional fact required by the Act of 1836, and they are not denied by the rival claimants to the fund in controversy......We are not now concerned, as the learned counsel for the appellee argues, with the merits of the controversy. That question will be determined on the trial of the interpleader. The single question at issue now is the right of the defendant, under the facts disclosed by the pleadings, to have an interpleader to ascertain the right claimant to the fund. It is true that the Act of 1836 is not mandatory, but it is equally certain that the court must exercise a judicial and not an arbitrary discretion when it determines the right to the interpleader. If the suggestion sets forth facts sufficient to bring the case within the provisions of the statute, the relief prayed for should be granted." To like effect is Barnes v. Bamberger, 196 Pa. 123, 127, where it is held that "The defendants having brought themselves within the letter and spirit of the Act of March 11, 1836, and disclaimed all interest in the subject-matter of the action, the court should without delay or hesitation have granted the interpleader prayed for."

The same rule applies on an application for a sheriff's interpleader. Delivering the opinion of the court in Book v. Sharpe, 189 Pa. 44, Mr. Justice MITCHELL, says (p. 47) : "An interpleader is for the protection of the stakeholder, and the only requisite to entitle him to such protection is that he shall be in danger of attack from two quarters without fault of his own. A sheriff is liable to a suit by plaintiff in an execution if he refuses to levy and it should turn out that the goods were subject to the execution. On the other hand he is exposed to suit by the owner if he does levy on goods not so sub-

ject. The interpleader act was intended to protect him in this dilemma, and the court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the basis of bona fide suits. If they may be, the interpleader must be granted, even though the court be of opinion that the claims cannot finally prevail. That matter is to be determined on the trial of the issue, not on the preliminary steps for protection of the sheriff. It is from the trouble, hazard and expense of suit that he is to be protected, not merely from a certain or even probable verdict against him."

The intent of the statutes is to protect a defendant, who is a mere stakeholder, from the risk of a double liability and also from the expense of litigation. That, in the opinion of the court, he might ultimately escape the former, is no ground for refusing the interpleader. It is not questioned that defendant brought itself within the terms of the statute and the relief prayed for should have been granted.

Counsel for both sides treated the Act of 1836 as here applicable, and for the purpose of the case we have so considered it, although aside from the statute the issue prayed for should have been awarded under the common law.

The order discharging the rule for an interpleader was an abuse of judicial discretion and is reversed with a procedendo.