## Trasoff v. Yale Building and Loan Association.

*Wessel, Bennett & Weiss,* for plaintiff; *Yale L. Schekter,* for defendant.

ALESSANDRONI, J., Dec. 29, 1930.—The Yale Building and Loan Association filed a petition for interpleader, alleging that it holds the sum of $961.12 on five shares of stock, book No. 244 B, in the name of Samuel Libshitz. It further alleges that the plaintiff, Abraham Trasoff, claims that the sum is payable to him, and the trustee in bankruptcy of Samuel Libshitz also claims the fund and has brought a suit in C. P. No. 3, as of June Term, 1930, No. 4160, to recover it. Abraham Trasoff claims by virtue of an assignment, and the trustee in bankruptcy claims the fund on behalf of the bankrupt's estate. The petition prays for a rule on Abraham Trasoff and Alfred I. Reese, trustee in bankruptcy of Samuel Libshitz, to show cause why they should not interplead. The petitioner offers to pay the sum of $961.12, less costs incurred in these proceedings and a reasonable attorney's fee, into court or to dispose of it as the court may order.

An answer was filed to the petition on behalf of the trustee in bankruptcy which merely alleges that the trustee in bankruptcy of Samuel Libshitz is entitled to the sum of $961.12.

It is firmly established that where there are rival claimants to a fund, which the holder of the fund is willing to pay but does not know to whom to pay it, the rival claimants will be required to interplead upon petition of the stakeholder. The precise question was passed upon in McKinley v. Mutual Life Ins. Co., 278 Pa. 300, in which the court stated: "The case is ruled by Schmidt Brewing Co. v. Pittsburgh Life and Trust Co., 256 Pa. 363, where Mr. Justice Mestrezat, speaking for the court, says: 'The proceeding was instituted under section 4 of the Act of March 11, 1836, P. L. 76, which provides, *inter alia,* as follows: "The defendant in any action which shall be brought in the said court for the recovery of money, . . . which shall have come lawfully to his hands or possession, may, at any time after the declaration filed, and before plea pleaded, by a suggestion to be filed of record, disclaim all interest in the subject-matter of such action, and offer to bring the same into court, . . . and if he shall also allege, under oath or affirmation, that the right thereto is claimed by, or supposed to belong to some person not party to the action (naming him or them) who has sued or is expected to sue for the same, . . . the said court may, thereupon, order the plaintiff to interplead with such third person." It will be observed that the defendant's suggestion or petition avers every jurisdictional fact required by the Act of 1836, and they are not denied by the rival claimants to the fund in controversy. . . . We are not now concerned, as the learned counsel for the appellee argues, with the merits of the controversy. That question will be determined on the trial of the interpleader.' "

794

The petition establishes all the facts necessary for an interpleader, and the answer seeks to raise the merits of the controversy between the rival claimants. This question cannot be passed upon by the court at this time, nor can we accede to the trustee in bankruptcy's request that the question be decided in the equity proceedings which he has brought in another court.

And now, to wit, Dec. 29, 1930, the rule for an interpleader is made absolute and the Yale Building and Loan Association is ordered to pay into court the sum of $961.12, less the costs of this proceeding and a counsel fee of $25.