## Maxwell et ux. *v.* Philadelphia Fire Department Relief Association, Appellant.

Argued October 11, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Wm. Barclay Lex,* with him *Hepburn & Norris* and *Nathan Griffith,* for appellant.

*Clelland L. Mitchell,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:
The plaintiffs brought an action in assumpsit against

the defendant, an incorporated relief association. In their statement of claim they alleged that the deceased, William S. Lybrand, was a member in good standing in the defendant association at the time of his death; that they are designated as the beneficiaries on the books of the defendant association, under the provisions of the by-laws, and are entitled to death benefits in the sum of "Twenty-two Hundred Dollars ($2200) or more," with interest.

Instead of an affidavit of defense, the defendant filed a petition for permission to pay into court the amount due upon the death of the deceased member, and prayed for an order on beneficiaries designated by the member and certain relatives of the deceased, who claim they are entitled to the fund, to interplead. A rule was granted to show cause why the prayer of the petitioner should not be granted. No answer was filed, but an argument was had, and thereafter the court discharged the rule, holding that an interpleader should not be granted, because (1) no action had been started by the alleged rival claimants to the fund; (2) a contractual relationship existed between the plaintiffs and the defendant; and (3) the granting of an interpleader was discretionary and not mandatory. This appeal was taken by the defendant.

We will consider first these legal propositions in the above order.

■ Under the Interpleader Act of March 11, 1836, P. L. 76, §4 (12 PS §581) it was not necessary that the rival claimants, the nearest of kin of the deceased, should have actually instituted a suit to warrant the granting of an interpleader. That statute provided that if the defendant in any action "...... shall also allege, under oath or affirmation, that the right thereto *is claimed by, or supposed to belong to,* some person not party to the action (naming him or them), who had sued or is expected to sue for the same, *or shall shew some probable matter to the court to believe that such suggestion is*

*true,* the said court may thereupon order the plaintiff to interplead." (Italics supplied).

The defendant in its petition averred that it received a letter from the attorney for the next of kin of the deceased *"objecting to* the making of such payment to the said plaintiffs and *claiming the same"* in behalf of his clients and that the designation of the plaintiffs as beneficiaries was of no effect as the consideration for naming them had failed. (Italics supplied). The petitioner further averred that it had no interest in the sum of money in dispute.

In *McKinley v. Mutual Life Ins. Co.,* 278 Pa. 300, 123 A. 304, there were two claimants to the proceeds of a life insurance policy. It was held that it is not the duty of the court to inquire into the merits of respective claims further than to see that they are not frivolous or collusive.

The averments of the present petition, not denied, were sufficient to show a bona fide claim to the fund by rival claimants.

The fact that a contractual relationship might have existed between the defendant and plaintiffs, by reason of plaintiffs' being designated as beneficiaries under defendant's by-laws, did not of itself deprive defendant of its right to an interpleader: *Schmidt Brewing Co. v. Pittsburgh Life & Trust Co.,* 256 Pa. 363, 100 A. 959.

In *Szajnecki v. Szajnecki,* 71 Pa. Superior Ct. 487, we held that the naming of a beneficiary in a certificate did not irrevocably fix the liability of the company and deprive it of relief under the Interpleader Act, as it would be an unjust rule which would make the company pay to someone, not entitled to it, the proceeds of a policy merely because of the name put therein when, under the by-laws of the company, a beneficiary could be changed. See, also, annotation in 108 A. L. R. 267, 277.

■ The granting or refusal of a petition for interpleader is, in general, within the sound discretion of the court to which the petition is presented. It is true the provisions of the Act of 1836 are not mandatory, but the court is required to exercise a judicial and not an arbitrary discretion in determining the right to interplead: *Schmidt Brewing Co. v. Pittsburgh Life & Trust Co.*, supra; *McKinley v. Mutual Life Ins. Co.*, supra; *Barnes v. Bamberger*, 196 Pa. 123, 127, 46 A. 303; *Orhowski, Admx. v. Metropolitan Life Ins. Co.*, 125 Pa. Superior Ct. 121, 189 A. 752.

We are of the opinion that as the averments in the defendant's petition brought it squarely within the provisions of the Act of 1836, the prayer of the petitioner should have been granted.

Furthermore, entirely independent of the statute, the court had the power, under the Pennsylvania common law, to order the interpleader: *McKinley v. Mutual Life Ins. Co.*, supra (p. 304). In *Clarke & Cohen v. Real*, 105 Pa. Superior Ct. 102, 159 A. 454, and *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 7 A. 2d 573, President Judge KELLER gave an interesting historical discussion of the rights of a holder of a fund, to which there are rival claimants, and the power of the courts of Pennsylvania under the common law and our applicable statutes. He pointed out in the Clarke case that in early days the equitable remedy of interpleader was made available in this Commonwealth in common law actions; that the Act of 1836, supra, granted only to the then recently created District Court of Philadelphia (later extended to the other courts of this Commonwealth) the right to require claimants to a fund in the hands of a third person, who disclaimed any interest therein, to interplead. This power, however, had long been enjoyed and exercised by the common pleas courts of this Commonwealth before the statute of June 16, 1836, P. L. 784, §13 (12 PS sec. 1221), which conferred

chancery powers on the Supreme Court and courts of common pleas; relief in such cases was afforded by petition for interpleader in the pending action.

The defendant relief association is a mere stakeholder, without any interest in the final disposition of the fund. We can see no reason to deny it relief from the expense and inconvenience of defending possibly two actions and incurring the risk of double liability.

The petition prayed also that reasonable counsel fees be paid out of the fund and costs be allowed the petitioner. The appellant concedes that the court below was correct in holding that it did not have power to allow counsel fees or expenses under the statute.

The order discharging the rule for interpleader was, in our judgment, an abuse of judicial discretion, and is hereby reversed, with a procedendo. The petitioner should pay the costs of the action up to the time of filing its petition for interpleader and its offer to pay the fund into court.