## Stevens v. Citizens National Bank of Ashland

*Raymond L. Brennan,* for plaintiff.
*C. W. Staudenmeier,.* for defendant.

DALTON, J., April 12, 1943.—Plaintiff, Roy Stevens, brought this action of assumpsit to recover of defendant the sum of $7,550.43, with interest thereon, from February 2, 1942, being the amount of a savings account in defendant bank standing in plaintiff's name. In lieu of an affidavit of defense, defendant filed a petition for interpleader which subsequently was dismissed without prejudice. Defendant then filed a second petition for interpleader, which is now before us for disposition.

The instant petition avers, inter alia, that, subsequent to the institution of this action, Oscar Stevens, executor of the last will and testament of T. James Stevens, deceased, entered suit in this court at no. 405, March term, 1942, against defendant herein to recover the sum of $5,055.63, which sum is part of the sum claimed by Roy Stevens in the above action; that defendant offered to pay plaintiff all moneys on deposit in plaintiff's name other than the said sum of $5,-055.63, which is also claimed by Oscar Stevens, executor; that defendant has no interest in the said money and is faced with the expense of defending two actions and the risk of being compelled to pay said money twice; that the petition is filed in good faith and not in collusion with plaintiff or any claimant, and that defendant has not admitted the claim of, or subjected itself to independent liability to plaintiff or any claimant in respect to the subject matter of the action. Therefore, defendant prays that plaintiff and Oscar Stevens, executor, be ordered to interplead as to said sum of $5,055.63, together with accrued interest; that defendant be permitted to pay the said sum, together with accrued interest, into court or to such person as the court may direct; and that defendant be relieved from all further liability therefor.

A rule to show cause issued, to which plaintiff, instead of answering the averments of fact in defendant's petition, filed an "answer raising questions of law". Since this answer is in the nature of a demurrer, the truth of the matters averred in defendant's petition must be assumed. The petition contains every allegation required by Pa. R. C. P. 2303, but there remains the inquiry as to whether it exhibits any circumstances which would move us, within the limited discretion allowed us by Pa. R. C. P. 2306, to refuse defendant's prayer.

Plaintiff first objects that there are not two rival claimants to the same fund. The objection is without

merit. Defendant's petition clearly avers that Oscar Stevens, executor of T. James Stevens, has asserted a claim to a portion of the very deposit which plaintiff seeks by this action to recover in its entirety. It is that portion as to which there are rival claimants and as to which defendant asks said claimants to be interpleaded. The right to interpleader when defendant is exposed to the danger of double liability only as to part of the claim asserted by the plaintiff is clearly recognized by Pa. R. C. P. 2303 (a) 1 and by Pa. R. C. P. 2306 (c) 3.

Plaintiff next objects that defendant is not a mere stakeholder but an interested party. The mere fact that a defendant asserts an interest in the action is no longer a bar to interpleader: Pa. R. C. P. 2306 (c) 1. Apart from this, however, plaintiff's objection finds no support in the record. Defendant's petition states that it has agreed and offered to pay plaintiff all moneys on deposit with it in the name of plaintiff other than the sum of $5,055.63, as to which Oscar Stevens, executor of T. James Stevens, has made an adverse claim; that it has no interest in the latter sum; and prays leave to pay the said sum, together with accrued interest, into court. We fail to see how it can be said that defendant claims an interest of its own either as to part or all of the moneys claimed by plaintiff or by the adverse claimant.

Plaintiff's third and fourth objections are that a contractual relationship of debtor and creditor exists between defendant and plaintiff, and that defendant is under a personal liability to plaintiff arising from an implied contract that the moneys deposited would be paid out to plaintiff on demand. These two objections may be considered together. It is true that a general deposit creates a debtor and creditor relationship, and that where a bank has credited the money to the name of the depositor it is estopped from disputing the depositor's title to the debt so created in the absence of

any notice from, or claim by, the real owner: First National Bank of Lock Haven v. Mason, 95 Pa. 113. But it is equally true that the credit on the books of the bank is only prima facie evidence of ownership, and that a third person may show himself to be the real owner of the debt: First National Bank of Lock Haven v. Mason, supra; Stair v. York National Bank, 55 Pa. 364; The Farmers' & Mechanics' National Bank v. King, 57 Pa. 202; The First National Bank of Wellsborough v. Bache, 71 Pa. 213; Hemphill et al. v. Yerkes et al., 132 Pa. 545. When faced with adverse claims, therefore, the bank has every reason to seek to protect itself by an interpleader, both from the risk of multiple liability and from the expense and vexation of defending several suits: McKinley v. Mutual Life Insurance Co., 278 Pa. 300, 304. The fact that the bank's original liability was contractual in nature will not necessarily deprive it of the right of interpleader, if it has not incurred any liability independent of the fund itself: Schmidt Brewing Co. v. Pittsburgh Life & Trust Co., 256 Pa. 363; Goodrich-Amram, sec. 2306(a)-3, n. 6. In the instant case, there is nothing to show that defendant has subjected itself to any such independent liability to plaintiff or to claimant.

Finally, plaintiff's answer objects that it is apparent from the face of defendant's petition that defendant has recognized plaintiff as the rightful owner of the sum in question. We find nothing in the petition or elsewhere of record which would in any manner support this contention.

Other questions discussed in plaintiff's brief of argument were not raised by plaintiff's answer and are not before us.

Defendant's prayer is threefold: (1) That plaintiff and the adverse claimant interplead; (2) that defendant be permitted to pay the fund in dispute into court or to such person as the court may direct; and (3) that defendant be relieved from all further lia-

bility therefor. An interpleader will be awarded. We shall also direct the fund in question to be paid into court, but no order discharging defendant from liability therefor can be entered before defendant has complied with the order relating to the payment or delivery of the money in controversy. See Pa. R. C. P. 2307; Goodrich-Amram, sec. 2307(*b*)-1 et seq. Accordingly, in addition to the order for interpleader prescribed by Pa. R. C. P. 2304, we make the following

### Order

And now, April 12, 1943, it is ordered as follows:

1. That defendant, The Citizens' National Bank of Ashland, Pa., pay the said sum of $5,055.63, together with accrued interest from June 11, 1941, to the prothonotary of this court as custodian of the court, to be so held until further order.

2. That defendant's prayer to be relieved of all liability with respect to said fund be denied without prejudice to the right of said defendant to make proper application for such order of discharge as it may be entitled to under Pa. R. C. P. 2307(*b*).