## Benchoff v. Western Mutual Fire Insurance Co. (No. 2)

498

*Swope, Brown & Swope,* for plaintiff.

*Storey, Bailey & Rupp* and *Bulleit & Bulleit,* for defendants.

SHEELY, P. J., October 2, 1954.—Plaintiff's action is based upon policies of insurance issued by defendant insurance companies. The policies contain standard mortgagee clauses providing that the loss, if any, shall be payable to the Littlestown National Bank as interest may appear. Two of defendant insurance companies filed preliminary objections in the nature of demurrers contending that by virtue of the mortgagee clauses the bank was the real party in interest and the action could not be maintained in the name of the mortgagor alone. The preliminary objections were overruled.[1] The two insurance companies then filed a petition for interpleader asking that the Littlestown National Bank be joined as a party plaintiff in the present action. Plaintiff has filed an answer to the rule issued upon that petition and the matter is before the court on petition and answer.

Pa. R. C. P. 2302 provides that at any time during the pendency of an action the court may interplead plaintiff and one or more claimants not parties of record. Plaintiff in his answer alleges two reasons why the interpleader should not be granted: (1) The insurance policies contain provisions that no action on the policies shall be sustainable in any court of law

---

[1] Benchoff v. Western Mutual Fire Insurance Co. (No. 1), 8 D. & C. 2d 471.

unless commenced within 12 months "next after the fire", which time has expired; and (2) by the order of this court on the preliminary objections the court held that plaintiff, and not the Littlestown National Bank, was the real party in interest in the action.

Pa. R. C. P. 2306(c) (4) provides that the court shall not deny the petition merely because the court believes that the claim of plaintiff or any claimant is without merit in law or fact. "The intent of the statutes (authorizing interpleader) is to protect a defendant . . . from the risk of a double liability and also from the expense of litigation. That, in the opinion of the court, he might ultimately escape the former, is no ground refusing the interpleader": McKinley v. Mutual Life Insurance Co., 278 Pa. 300, 304 (1924). We cannot, on the record now before us, hold that the Littlestown National Bank would be unable to assert a valid claim against the insurance companies. It is possible that the bank might contend that some act on the part of the companies has resulted in a waiver of the one year limitation, or that the companies are estopped to raise that defense. It is further noted that the time within which the action is required to be brought is one year after the "fire", whereas the loss claimed in this case resulted from windstorm. Whether this fact would alter the limitation of time within which suit may be brought is immaterial; the bank at least could assert that theory. The purpose of the interpleader proceeding is to enable defendant to be certain that if he is required to pay a judgment he will not be called upon to answer to another claimant upon the same cause of action and, if he successfully defends an action, he will not be required to defend it a second time. As we held in our opinion disposing of the preliminary objections, the contracts of insurance in this case created rights in two different persons and insured two different interests. Defendants are entitled,

to the protection afforded them under the interpleader proceedings.

In our opinion disposing of the preliminary objections we said: "Since the contract is between the owner and the insurance company, but protecting the interest of the mortgagee, the situation would seem to be within the exception stated in the Pa. R. C. P. 2002(b) (2), the owner being the person with whom or in whose name a contract has been made for the benefit of another, and plaintiff could maintain the action in his own name." This holding was not, as plaintiff interprets it, that the bank could not maintain an action on the policies in its own name. In the opinion we cited several cases holding that a bank as mortgagee could maintain an action in its own name even though the insurance company had settled with the mortgagor, but we pointed out that the insurance companies would not be prejudiced by permitting the owner to bring the action in his own name, saying: "There are several methods by which it might protect itself against the possibility of a second action on the same policy and the court always has control of a judgment so as to prevent any injustice." The companies have now adopted one of the methods of protecting themselves against a second action.

Plaintiff will not be prejudiced in any way by allowing the interpleader. If the bank does not have a valid claim or does not see fit to assert a claim, it will be barred from instituting a second action later and plaintiff's action against the companies will proceed in the usual manner. If the bank asserts a valid claim, the proceeds must be applied to plaintiff's credit on his mortgage.

And now, October 2, 1954, the petition of Paradise Mutual Fire Insurance Company and Protection Mutual Fire Insurance Company of Littlestown is granted and Littlestown National Bank is added to the record

as a party plaintiff and enjoined from commencing or further prosecuting any action in any court against Paradise Mutual Fire Insurance Company and Protection Mutual Fire Insurance Company of Littlestown to enforce in whole or in part any claim against them set forth in said petition, except as a party to the above entitled action. . . .