University City Savings and Loan Association
*v.* Girard Life Insurance Company of
America, Appellant.

Argued June 12, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert J. Sugarman,* with him *Arthur W. Leibold, Jr.,* and *Dechert, Price & Rhoads,* for appellant.

*A. Walling Levin,* for appellee.

OPINION BY JACOBS, J., September 11, 1969:

This appeal is from an order discharging the defendant insurance company's rule for an order interpleading the assignee and the beneficiaries of an insurance policy.

On September 6, 1963, plaintiff University City Savings and Loan Association made a mortgage loan of $10,500 to Harvey L. Medearis and Jewell Medearis, his wife. On November 1, 1963, defendant Girard Life Insurance Company issued policy No. Y-201356 insuring the life of Mr. Medearis in which his wife, if living, and otherwise the children born of their marriage were named as beneficiaries. At the same time he applied for the policy, and on a form furnished by the defendant, Mr. Medearis executed and delivered an assignment of the policy to the plaintiff as additional security for the loan. Notice of the assignment was received and recorded by the defendant the same day the policy issued.

Following the death of his wife, the insured died intestate on March 5, 1968, leaving seven children of their marriage as survivors. At that time the policy proceeds amounted to $7,982.96 and the balance due the plaintiff on its mortgage was $9,588.39. Daynese A. Williams, a daughter of the insured and administratrix of his estate, filed a two-page form entitled "Proofs of Death" with the defendant. The first page, by the terms of the form described as a "claimant's certificate," required factual information concerning the insured's

death. Contrary to the instructions on the form, Daynese Williams signed the first page without stating the capacity in which she was making a claim. Neither the names nor the signatures of the other beneficiaries appear on the form. The signature was witnessed by her attorney.

On the second page of the form, below the printed instructions, was an "agreement to be executed in case policy is assigned as security for indebtedness." This agreement acknowledged the assignment of the policy to plaintiff as security and stated that "all claims" under the policy could be settled by payment of $9,-588.39 to plaintiff and the balance to the estate of the decedent. As noted above, however, the proceeds of the policy were insufficient to pay the balance on the mortgage. Daynese Williams executed this agreement contemporaneously with the claimant's certificate, her signature again witnessed by her attorney. Following the line for the signature was the printed word "Claimant," but below the line was the typewritten designation "Administratrix of the Est. of Harvey L. Medearis, dec."

The defendant insurance company refused to pay plaintiff's claim for the policy proceeds and plaintiff instituted an action in assumpsit. Defendant filed a petition for interpleader to which plaintiff filed an answer. No depositions were taken by defendant and the matter came before the lower court on petition and answer, after which the rule for interpleader was discharged. This appeal followed.

As defendant contends, the circumstances of the parties and other persons in this case initially present a classic situation for interpleader. See Goodrich-Amram Procedural Rules Serv. §2303(a)-3. If an assignee claims the proceeds of an insurance policy and one or more of the beneficiaries in fact claim the proceeds or are expected to assert a claim, interpleader

would be proper to avoid defendant's exposure to the vexation of multiple suits or multiple liability upon the same claim. See, e.g., *McKinley v. Mutual Life Ins. Co.*, 278 Pa. 300, 123 A. 304 (1924). The court below, however, specifically found that "no claim is made of defendant by any of the heirs nor is any demand of defendant expected," a finding which, if correct, effectively bars interpleader.

Pa. R. C. P. 2303(a)(1) requires a petition for interpleader to allege "that a claimant not a party of record *has made or is expected to make* a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff." (emphasis added). The adverse claimant need not have brought suit against the defendant before he may be compelled to interplead, but the defendant must allege that the claimant is expected to make a demand inconsistent with the plaintiff's claim. See *Maxwell v. Philadelphia Fire Dep't Relief Ass'n*, 138 Pa. Superior Ct. 356, 10 A. 2d 857 (1940).[1] If the demand has been under or suit started, rule 2303(a)(1) requires the petition to allege in detail facts relating to the demand or suit. If the claim rests in expectation, on the other hand, the petition should allege sufficient facts to warrant the conclusion that a claim or suit is expected. See Goodrich-Amram, supra, §2303(a)-2.[2]

[1] In *Maxwell*, although the adverse claimants had not filed suit, the defendant had received a letter from their attorney objecting to payment to the plaintiff and threatening suit.

[2] It is pertinent to note that rule 2303(a)(1) contemplates solely a factual determination whether a demand of the defendant "has been made or is expected." The rule does not expand the right to interpleader to include the mere possibility that a demand might be made at some future date. Nor is the merit of an adverse claim, in law or fact, a factor for the lower court's consideration. See Pa. R. C. P. 2306(c)(4).

In its petition defendant alleged (1) that Daynese A. Williams, a daughter of decedent, had made a demand upon the defendant for the proceeds of the policy, and (2) that defendant believed that the other six children of decedent, or one or more of them, would make such demands in the future. Defendant apparently relied on the "claimant's statement" signed by Daynese Williams as factual support for the existing demand, but alleged no other facts in support of it and no facts at all to support the claims in expectation. Plaintiff in its answer, which was responsive to the averments in the petition, (1) specifically denied that Daynese A. Williams had made a demand on the defendant for the policy proceeds and averred on the contrary that the instrument she executed was an agreement to the assignment and to settlement of all claims by payment of $9,588.39 to the assignee and the balance to the estate of Harvey L. Medearis; and (2) averred that the attorney for Daynese A. Williams and the other heirs had confirmed that position by letter, a copy of which was attached to the answer. The letter from the attorney to plaintiff's counsel states: "Kindly be advised that the heirs of Harvey L. Medearis have elected not to pursue any further claims for the proceeds of insurance policy #Y-201356 with the Girard Life Insurance Company of America."

Pa. R. C. P. 2306(a) provides that "the court shall direct an interpleader if the petition is in conformity with these rules and the allegations thereof are established either by proof or by the failure of the plaintiff to file a sufficient answer. . . ." When the plaintiff files an answer challenging the factual averments of the petition, as he did here under Pa. R. C. P. 2305(b), an issue of fact is raised requiring the petitioner, who has the burden of proof, either to take depositions or to order the matter for argument without depositions. Goodrich-Amram, supra, §2305(b)-1. As noted above,

the defendant-petitioner did not take depositions or otherwise present factual matter in support of his petition. The case came on for decision on petition and answer. Under these circumstances we are required to determine only the relevant issues raised by the petition and answer, accepting as true the pertinent facts set forth in the answer and rejecting those which are alleged in the petition but denied in the answer. *Kelly v. International Clay Prod. Co.,* 291 Pa. 383, 140 A. 143 (1928); *Rose v. Cohen,* 193 Pa. Superior Ct. 454, 165 A. 2d 264 (1960).[3]

The court below, on the basis of the petition and answer, found that defendant's allegations of existing and expected claims had not been established by proof. Its finding that no claim presently exists is supported by a reasonable interpretation of the "Proofs of Death" form signed by Daynese A. Williams. Regardless of the capacity in which she executed the "claimant's certificate" on the first page of the form, the court below found that she signed the agreement on the second page as administratrix of the estate *and* as claimant, thereby invalidating any "claim" on the first page. The court's conclusion that no adverse claims upon the defendant are expected was reasonably warranted by the letter attached to plaintiff's answer in which counsel for the beneficiaries advised of their election not to pursue the proceeds of the policy.[4]

Order affirmed.

---

[3] Substantially the same practice is provided by Pa. R. C. P. 209, which applies to interpleader procedure. See Note of the Procedural Rules Committee to rule 2305.

[4] Although there is no evidence of record that the heirs of the estate are the same persons as the beneficiaries of the policy, the "heirs" of an intestate decedent include his "children," which in this case is the class of persons named as beneficiaries in the policy.