## National Forge Co. v. Carlson

*William F. Clinger,* for plaintiff.

*H. Robert Hampson,* for defendants.

WOLFE, P. J., June 22, 1972.—For disposition is defendants' petition for interpleader under Pennsylvania Rules of Civil Procedure, Rule 2301.

This petition arises out of an equitable action brought by plaintiff against defendants seeking an injunction to prevent defendants from drilling on a portion of a 16-acre tract containing a restrictive drilling area. Plaintiff's property, subject to an oil and gas lease, was obtained from the commissioners of the Rouse estate who are also the commissioners of Warren County and who imposed a restricted drilling area on the original lease. This lease provided for a royalty payment of one-eighth production to the lessors. On October 14, 1968, the commissioners sold a tract of land containing 16 acres to plaintiff and which was subject to the lease without any reservation of the mineral rights or reservation of the royalties and providing only that the conveyance "is made subject to any outstanding oil and gas leases and also subject to any rights of way of easements or visible on the ground."

Defendants' petition follows the mandates of Rule 2303(a), (1), (2), (3), (4) and alleges it may be subject to double liability for payment of the royalty to the commissioners who have made a demand upon it. At this time, the one-eighth royalty is being paid to, or held for, plaintiff by the purchaser of the oil.

Although we are prone to grant the petition on its face, we think the holding of University City Savings and Loan Association v. Girard Life Insurance Company of America, 215 Pa. Superior Ct. 57, 60 (1969), prevents us from doing so. Reciting at page 60 of University, we find the following language:

"The adverse claimant need not have brought suit against the defendant before he may be compelled to interplead, but the defendant must allege that the claimant is expected to make a demand inconsistent with the plaintiff's claim. See Maxwell et ux. v. Philadelphia Fire Department Relief Association, 138 Pa. Superior Ct. 356, 10 A.2d 857 (1940). If the demand has been made under or suit started, rule 2303(a)(1) requires the petition to allege in detail facts relating to the demand or suit. *If the claim rests in expectation, on the other hand, the petition should allege sufficient facts to warrant the conclusion that a claim or suit is expected.* See Goodrich-Amram, supra, §2303(a)-2." (Italics supplied.)

In the instant case, admittedly suit is expected and the petition does not spell out in any detail the facts upon which defendants base their apprehension or any facts to inform the court the nature of the demand of the commissioners against defendants.

For this reason, the petition will be refused with the right to amend.

For the foregoing reasons, the following order is made:

## ORDER

And now, to wit, June 22, 1972, the petition for interpleader is denied. Defendants are granted leave to amend their petition in conformity with the within opinion within three days from the date hereof.